IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 6 2016

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

SALLYE BLAIR,
by and through her
Power of Attorney, Darrick Blair                                              PLAINTIFF

VS.                        NO. *4:16cv264-BRW*

HIGHLANDS OF LITTLE ROCK SOUTH CUMBERLAND, LLC
d/b/a HIGHLANDS OF LITTLE ROCK AT CUMBERLAND
THERAPY AND LIVING CENTER;
HIGHLANDS OF ARKANSAS, LLC; ARIA HEALTH GROUP LLC;
ARIA HEALTH CONSULTING, LLC; APH&R Nursing, LLC;
MARY D. HUNTSMAN-HARTFIELD,
in her capacity as Administrator of Highlands
of Little Rock at Cumberland Therapy and Living Center;
and JOHN DOES 1 through 5, Unknown Defendants                    DEFENDANTS

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants hereby remove this

action from the Circuit Court of Pulaski County, Arkansas, to the United States

District Court for the Eastern District of Arkansas.  Removal jurisdiction based

upon diversity of citizenship, 28 U.S.C. § 1332, is based on the following:

    1.    This lawsuit is a civil action within the meaning of the Acts of

Congress relating to the removal of cases.

This case assigned to District Judge *Wilson*
and to Magistrate Judge *Harris*

    2.    This Court has original jurisdiction over this action under 28 U.S.C. §

1332(a) because complete diversity exists between the parties and the amount

allegedly in controversy exceeds the value of $75,000.

1310314-v1

3.    This case was filed on March 24, 2016, in the Circuit Court of Pulaski County, Arkansas, as civil action number 60CV-16-1786 on the docket of that Court.

4.    Defendants Highlands of Little Rock South Cumberland, LLC ("Highlands"), Highlands of Arkansas, LLC ("Highlands of Arkansas"), Aria Health Group, LLC ("Aria"), Aria Health Consulting, LLC ("Aria Consulting"), and APH&R Nursing LLC ("APH&R") received service of process on April 15, 2016.

5.    This notice of removal is filed within 30 days (or the first filing day thereafter) of the first delivery of a summons and complaint to these defendants or their agents for service.  Copies of the summonses and complaint are attached to the Notice as Exhibit 1, which includes all the process and pleadings that have been delivered to defendants and all other papers, pleadings, and other documents filed in the state court.

6.    This case is removed pursuant to 28 U.S.C. § 1441(a) and (b). Jurisdiction in the United States District Court for the Eastern District of Arkansas is based on 28 U.S.C. § 1332 (diversity of citizenship).

7.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a) because this action is between citizens of different states and the matter allegedly in controversy exceeds $75,000, excluding interest and costs.

8.    As alleged in the complaint, and to the best of our knowledge, both plaintiff Sallye Blair and her attorney-in-fact Darrick Blair are citizens of Arkansas.

9.     As alleged in the complaint, defendants Highlands, Highlands of Arkansas, Aria, Aria Consulting, and APH&R are citizens of states other than Arkansas.

10.     Defendant Mary D. Huntsman-Hartfield ("Huntsman-Hartfield") is a citizen of Arkansas.  However, if a defendant whose presence in the case destroys diversity of citizenship is fraudulently joined, the court may ignore that defendant's citizenship for purposes of determining whether jurisdiction exists.  *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).  Fraudulent joinder occurs when there is no reasonable basis in law or fact for a claim against the defendant whose presence destroys diversity of citizenship.  *Id.*; *see also Menz v. New Holland North America, Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (noting that "joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants").

11.     Huntsman-Hartfield has been fraudulently joined, so the Court should ignore her citizenship in this case.

12.     Specifically, Arkansas law requires a high degree of personal involvement on the part of an individual employee before that employee may have personal liability for harms alleged by a plaintiff.  When there is no evidence that an employee is "directly involved in the events surrounding the injury or that he was acting in any capacity other than as a corporate officer when the accident occurred . . . there is nothing on which to premise individual liability."  *Cash v. Carter*, 312 Ark. 41, 47, 847 S.W.2d 18, 21 (1993).  Simply working at a business or

even having some level of management responsibility will not suffice to establish personal liability on the part of an individual employee who was not directly involved in the events at issue.

13.     In the particular context of nursing homes under which the present case falls, the Arkansas Supreme Court has held that in the absence of direct personal involvement in the alleged negligent conduct (i.e., the deficient care), one owes no duty to nursing home residents. *Bedell v. Williams*, 2012 Ark. 75, 386 S.W.3d 493.   The cases addressing this issue illustrate that a high level of personal involvement is necessary to create such liability on the part of a nursing home employee. *See Bayird v. Floyd*, 2009 Ark. 455, 344 S.W.3d 80 (affirming a judgment in favor of a nursing home CEO on the basis that he did not have any personal involvement in the care given to the patient).

14.     Huntsman-Hartfield is the Center CEO of the nursing facility at issue in this case, and the lone claim against her is for negligence.   The complaint does not allege that Huntsman-Hartfield had any personal involvement or interaction with the facility's patients generally or with Ms. Blair specifically.   The complaint does not identify any specific incidents or examples of "improper care" provided by Huntsman-Hartfield to Ms. Blair, because no such incidents occurred.

15.     Indeed, Huntsman-Hartfield had no involvement in any of the activities set forth in the complaint.   Huntsman-Hartfield did not provide or participate in decisions regarding any medical or nursing care to Ms. Blair, nor did Huntsman-Hartfield have the nursing or medical training or licensing to do so.   Her

role as Center CEO was, as in most nursing homes, an administrative managerial position.

16.     Accordingly, plaintiffs have failed to demonstrate that they have a viable claim against Huntsman-Hartfield, and she thus has been fraudulently joined.  The Court should therefore disregard her citizenship in the jurisdiction analysis.

17.     Disregarding the citizenship of Huntsman-Hartfield, there is complete diversity of citizenship between plaintiff, who is a citizen of Arkansas, and the remaining defendants, all of whom are citizens of states other than Arkansas.

18.     The amount allegedly in controversy exceeds $75,000, excluding interest and costs.  (*See* Compl. at 21, ¶ 67 (demanding damages "in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases")).  This alleged sum "shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

19.     Because there is complete diversity of citizenship and an amount allegedly in controversy exceeding $75,000, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), and removal of the case to this Court is proper pursuant to 28 U.S.C. § 1441(b).

20.     Pursuant to 28 U.S.C. § 1446(b), this notice of removal has been filed within thirty days of each of the defendants being served in this matter.

21.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the separate defendants are attached to this notice of removal.

22.    All the defendants are represented by undersigned counsel and all join in the removal of this case to this Court. All properly joined and served defendants therefore join in or consent to the removal of this action to federal court as required by 28 U.S.C. § 1446(b)(2).

23.    In accordance with 28 U.S.C. § 1446(d), defendants will file a file-marked copy of this notice of removal with the Circuit Clerk of Pulaski County, Arkansas, and will serve notice of the removal in writing on counsel for plaintiff.

24.    The United States District Court for the Eastern District of Arkansas, Western Division, embraces the county in which the state court action is now pending. This action may be removed to this Court pursuant to 28 U.S.C. § 1441.

25.    Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, defendants hereby remove this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas and seek resolution of all issues in this action in this Court.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
 (501) 371-0808
FAX: (501) 376-9442
jsallings@wlj.com; gmarts@wlj.com

By: _____
    Jerry J. Sallings (84134)
    Gary D. Marts, Jr. (2004116)
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On May 16, 2016. I served a copy of the foregoing via United States Mail on

the following:

Jeff R. Priebe
James & Carter, PLC
500 Broadway, Suite 400
Little Rock, Arkansas 72201

Robert H. Edwards
The Edwards Firm, PLLC
711 West Third Street
Little Rock, AR 72201

*Attorneys for Plaintiff*

Jerry J. Sallings

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Mar-24 13:19:07
60CV-16-1786
C06D06 : 27 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and
through her Power of Attorney, Darrick Blair,                    PLAINTIFF

vs.                          CASE NO. 60CV-16-_____

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants          DEFENDANTS

## COMPLAINT

Comes now Plaintiff, Sallye Blair, by and through her Power of Attorney, Darrick

Blair, and for her cause of action against Defendants, Highlands of Little Rock South

Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living

Center; Highlands of Arkansas, LLC; Aria Health Group LLC; Aria Health Consulting,

LLC; APH&R Nursing, LLC; Mary D. Huntsman-Hartfield, in her capacity as

Administrator of Highlands of Little Rock at Cumberland Therapy and Living Center; and

John Does 1 through 5, Unknown Defendants, states:

## JURISDICTIONAL STATEMENT

1.      Darrick Blair is the Power of Attorney of Sallye Blair, pursuant to a Power

of Attorney attached hereto as **Exhibit A**.  Darrick Blair claims damages arising out of

Sallye Blair's care and treatment that occurred at Highlands of Little Rock South

Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living

Center.

**EXHIBIT**

1

2.     Darrick Blair is the son of Sallye Blair and is a resident of Little Rock, Pulaski County, Arkansas.

3.     Upon information and belief, Sallye Blair, a resident of Pulaski County, Arkansas, was admitted on April 16, 2015, to Cumberland Health and Rehabilitation Center, located at 1516 Cumberland St., Little Rock, Pulaski County, Arkansas.  On May 1, 2015, ownership of Cumberland Health and Rehabilitation Center changed from APH&R Nursing, LLC to Highlands of Little Rock South Cumberland, LLC and the facility name changed to Highlands of Little Rock at Cumberland Therapy and Living Center.  Except for hospitalizations, Sallye Blair remained a resident at Highlands of Little Rock at Cumberland Therapy and Living Center until September 9, 2015, when she was transferred to UAMS.

4.     Defendant Highlands of Little Rock South Cumberland, LLC, a foreign limited liability company authorized to do business in the State of Arkansas, is engaged in the business of for-profit custodial care of elderly individuals who are chronically infirm, mentally impaired and/or in need of nursing care and treatment.   Upon information and belief, beginning May 1, 2015, at all times thereafter, Defendant Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center held the license for the facility located at 1516 Cumberland St., Little Rock, Pulaski County, Arkansas. The causes of action made the basis of this suit arise out of such business conducted by Defendant Highlands of Little Rock South Cumberland, LLC in the ownership, operation, management, licensing and/or control of the facility during the residency of Sallye Blair.  The registered agent for service of process of Defendant Highlands of Little Rock South Cumberland, LLC is

2

The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

5.     Upon information and belief, Defendant Highlands of Arkansas, LLC, a foreign limited liability company, is authorized to do business in the State of Arkansas, and is the 100% owner of Highlands of Little Rock South Cumberland, LLC.  Upon information and belief, beginning May 1, 2015, at all times thereafter, Defendant Highlands of Arkansas, LLC operated, managed, controlled, or had the right to control, and/or provided services, for Highlands of Little Rock South Cumberland, LLC during the residency of Sallye Blair.  The registered agent for service of process of Defendant Highlands of Arkansas, LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas  72201.

6.     Defendant Aria Health Group LLC, a foreign limited liability company, is authorized to do business in the State of Arkansas.  Upon information and belief, beginning May 1, 2015, at all times thereafter, Defendant Aria Health Group LLC operated, managed, controlled, or had the right to control, and/or provided services, including consultant services, to Highlands of Little Rock South Cumberland, LLC during the residency of Sallye Blair.  The agent for service of process of Defendant Aria Health Group LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas  72201.

7.     Defendant Aria Health Consulting, LLC, a foreign limited liability company, is authorized to do business in the State of Arkansas.  Upon information and belief, beginning May 1, 2015, at all times thereafter, Defendant Aria Health Group LLC operated, managed, controlled, or had the right to control, and/or provided services,

including consultant services, to Highlands of Little Rock South Cumberland, LLC during the residency of Sallye Blair.  The agent for service of process of Defendant Aria Health Group LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

8.    Defendant APH&R Nursing, LLC, is a foreign limited liability company with its principal office located at 1516 South Cumberland Street, Little Rock, Arkansas 72202.  APH&R Nursing, LLC is authorized to do business in the State of Arkansas and until May 1, 2015, was the "licensee" of Cumberland Health and Rehabilitation Center. Upon information and belief, since May 1, 2015 and at times relevant to this action, Defendant APH&R Nursing, LLC has been the landlord of Highlands of Little Rock at Cumberland Therapy and Living Center.  The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, licensing and/or control of Highlands of Little Rock at Cumberland Therapy and Living Center during the residency of Sallye Blair. The registered agent for service of process of Defendant APH&R Nursing, LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

9.    Upon information and belief, Defendant Mary D. Huntsman-Hartfield, a resident of the State of Arkansas, was Administrator of Highlands of Little Rock at Cumberland Therapy and Living Center at times during the residency of Sallye Blair. The causes of action made the basis of this suit arise in part out of Defendant Mary D. Huntsman-Hartfield's administration of the facility during the residency of Sallye Blair. Defendant Mary D. Huntsman-Hartfield may be served at her last known address.

4

10.    Defendants John Does 1 through 5 are entities and/or persons, either providing care and services to Sallye Blair, or affiliated with the named Defendants herein, and are directly or vicariously liable for the injuries of Sallye Blair.  Plaintiff is currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation.  Said Defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services provided to Sallye Blair during her residency at Highlands of Little Rock at Cumberland Therapy and Living Center.  Said Defendants are named pursuant to Ark. Code Ann. § 16-56-125, because at the time of filing this Complaint, Plaintiff is unaware of the exact identity of all tortfeasors.  See Affidavit, attached hereto as **Exhibit B**.

11.    Whenever the term "Highlands Defendants" is utilized within this suit, such term collectively refers to and includes Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center; Highlands of Arkansas, LLC; Aria Health Group LLC; Aria Health Consulting, LLC; APH&R Nursing, LLC; and John Does 1 through 5.

12.    Whenever the term "Administrator Defendant" is utilized within this suit, such term collectively refers to and includes Mary D. Huntsman-Hartfield.

13.    Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

14.    Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

15.     Upon information and belief, Sallye Blair was admitted on April 16, 2015, to Cumberland Health and Rehabilitation Center located at 1516 Cumberland St., Little Rock, Pulaski County, Arkansas.  On May 1, 2015, ownership of Cumberland Health and Rehabilitation Center changed from APH&R Nursing, LLC to Highlands of Little Rock South Cumberland, LLC and the facility name changed to Highlands of Little Rock at Cumberland Therapy and Living Center.  Except for hospitalizations, Sallye Blair remained a resident at Highlands of Little Rock at Cumberland Therapy and Living Center until September 9, 2015, when she was transferred to UAMS.

16.     Defendants were aware of the medical condition of Sallye Blair and the care she required when they represented that they could adequately care for her needs.

17.     42 C.F.R. § 483.75 provides that long-term care facilities "must be administered in a manner that enables it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, psychosocial well-being of each resident."  In furtherance of that objective, all long-term care facilities must "have a governing body, or designated persons functioning as a governing body, that is legally responsible for establishing and implementing policies regarding the management and operation of the facility."  42 C.F.R. § 483.75(d)(1).  The governing body has a legal duty to adopt effective patient care policies and administrative policies and by-laws governing the operation of the facility in accordance with legal requirements of state and federal law.  *See* Ark. Office of Long Term Care R. & Regs. § 301.1.

18.     Defendants are liable for all damages alleged in this matter in their capacity as the owners, operators, licensee(s) and/or managers of the facility during the residency of Sallye Blair.

19.     In an effort to ensure that Sallye Blair and other residents, whose care was partially funded by the government, were placed at Highlands of Little Rock at Cumberland Therapy and Living Center, Defendants held themselves out to the Arkansas Department of Human Services (DHS) and the public at large as being:

a)     Skilled in the performance of nursing, rehabilitative and other medical support services;

b)     Properly staffed, supervised and equipped to meet the total needs of their nursing home residents;

c)     Able to specifically meet the total nursing home, medical and physical therapy needs of Sallye Blair and other residents like her; and

d)     Licensed by DHS and complying on a continual basis with all rules, regulations and standards established for nursing homes.

20.     Defendants failed to discharge their obligations of care to Sallye Blair with a conscious disregard for her rights and safety.   At all times mentioned herein, Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Sallye Blair, as more fully set forth below.   Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of the facility, including Sallye Blair.   The severity of the recurrent negligence

inflicted upon Sallye Blair while under the care of the facility accelerated the deterioration of her health and physical condition and resulted in the physical and emotional injuries described below:

a) Multiple medication errors;

b) Infections, including UTIs;

c) Significant weight loss;

d) Malnutrition;

e) Dehydration;

f) Deterioration of Stage II sacral pressure ulcer to at least Stage III or Stage IV with the use of a wound vac;

g) Inadequate pain management with extensive pressure ulcers;

h) Poor hygiene; and

i) Improper discharge from facility—without notice of discharge.

The above-identified injuries, as well as the conduct specified below, caused Sallye Blair to suffer loss of personal dignity, pain and suffering, hospitalizations, mental anguish, degradation, disability, and emotional distress.

21. Defendants controlled, or had the right to control, the operation, planning, management and quality control of the facility. The authority exercised over the nursing facility included, but was not limited to, budgeting, marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by the facility, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

22.     Upon information and belief, each of Highlands Defendants participated in, authorized, directed, had knowledge of, consented to, and/or acquiesced in the budgetary, staffing and supply shortfalls at Highlands of Little Rock at Cumberland Therapy and Living Center.  Moreover, upon information and belief, each of Highlands Defendants loosely transferred funds among themselves.  Plaintiff asserts that each of Highlands Defendants used their organization to defeat the public policy of protecting the residents of Highlands of Little Rock at Cumberland Therapy and Living Center, including Sallye Blair, and that they should be held liable as an alter-ego of Highlands of Little Rock South Cumberland, LLC.

23.     Each of Highlands Defendants personally controlled, or had the right to control, the operation, financial, and health care services provided at Highlands of Little Rock at Cumberland Therapy and Living Center.   Plaintiff asserts that each of Highlands Defendants' personal negligent conduct and involvement in operating these companies makes them personally liable under all theories pled herein.

24.     Defendants operated and managed the facility so as to maximize profits by reducing staffing levels below that needed to provide adequate care to residents that would comply with federal and state regulations governing skilled nursing facilities. Thus, Defendants intentionally and/or with reckless disregard for the consequences of their actions caused staffing levels at their facility to be set so that the personnel on duty at any given time could not reasonably tend to the needs of their assigned residents. Upon information and belief, Defendants knowingly established staffing levels that created recklessly high resident/nurse ratios and disregarded patient acuity levels as well as the minimal time required to perform essential functions.   The acts and

omissions of Defendants were motivated by a desire to increase profitability by reducing expenditures for needed staff, training, supervision and care to levels that would predictably lead to severe injury. All of these acts of malfeasance directly caused injury to Sallye Blair and other residents of the facility and were known to Defendants.

25.     Defendants owed a duty to Sallye Blair to maintain and adequately staff their facility with sufficient numbers of qualified, trained staff to meet the needs of the residents, including Sallye Blair, and are directly liable for the failure to exercise reasonable care in hiring, supervising, training and retaining sufficient numbers of qualified nurses and other staff employees and caregivers during the residency of Sallye Blair. Said failures placed the residents of the facility, including Sallye Blair, at risk of harm. Defendants are directly liable for injuries suffered by Sallye Blair as a result of these failures to exercise reasonable care. Likewise, Defendants owed a duty to Sallye Blair to have adequate and available food, fluids, supplies and functioning equipment to meet the needs of the residents, including Sallye Blair, and are directly liable for the failure to exercise reasonable care in providing and maintaining adequate and available food, fluids, supplies and functioning equipment to meet the needs of the residents. Said failures placed the residents of the facility, including Sallye Blair, at risk of harm. Defendants are directly liable for injuries suffered by Sallye Blair as a result of these failures to exercise reasonable care.

26.     Plaintiff alleges that during her residency at the facility, Sallye Blair was under the care, supervision and treatment of Defendants and that the injuries complained of were proximately caused by the acts and omissions of Defendants.

27.     Defendants are vicariously liable for the acts and omissions of all persons or entities under their control, either directly or indirectly, including employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals, or agencies causing or contributing to the injuries of Sallye Blair.

## CAUSES OF ACTION AGAINST HIGHLANDS DEFENDANTS

28.     Based upon the foregoing allegations regarding Highlands Defendants' control and management of Highlands of Little Rock South Cumberland, LLC, and the injuries suffered by Sallye Blair while she resided at the facility from May 1, 2015 until September 9, 2015, Plaintiff pleads the following causes of action:

## I.     CAUSE OF ACTION FOR ORDINARY NEGLIGENCE AND FAILURES IN ORDINARY DUTIES OF CARE IMPOSED ON A LONG-TERM CARE FACILITY

29.     Based upon the allegations of control, management and involvement in the operation of Highlands of Little Rock South Cumberland, LLC outlined above, each of the Highlands Defendants, as well as their agents and employees, undertook duties of care to the residents at Highlands of Little Rock South Cumberland, LLC, including Sallye Blair.

30.     It was foreseeable to each of the Highlands Defendants that harm would result to Sallye Blair if Highlands Defendants did not provide at least the care equivalent that is required of a nursing home caring for a resident in a similar state of health, mental status and abilities.

31.     Among the duties Highlands Defendants owed to Sallye Blair as the owners, operators, licensees, managers and consultants, agents and employees of Highlands of Little Rock South Cumberland, LLC, Highlands Defendants were obligated

to use ordinary care to determine the mental and physical condition of Sallye Blair, to furnish Sallye Blair the care and attention reasonably required by her mental and physical condition, and to follow the orders and directions of Sallye Blair's attending physician and care plan regarding her activities of daily living and ordinary caretaking.

32.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to assist Sallye Blair with her activities of daily living.

33.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide adequate oversight to ensure a safe environment.

34.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide Sallye Blair with fluids sufficient to prevent urinary tract infections.

35.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide Sallye Blair with nutrition sufficient to prevent significant weight loss and malnutrition.

36.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide Sallye Blair with medications and treatment in accordance with her physician's orders.

37.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide Sallye Blair with sufficient pain management.

38.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide a sanitary environment and proper hygiene to prevent the development of infections, such as urinary tract infections.

39.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide basic care to ensure Sallye Blair's quality of care and quality of life.

40.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide basic skin care to prevent the worsening of pressure sores.

41.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide Sallye Blair assistance with activities of daily living, hygiene and grooming and failed to sufficiently document the bathing, oral hygiene, grooming, and/or dressing provided to Sallye Blair during her admission.

42.     The Protection of Long-Term Care Facility Residents Act, Arkansas Code sections 20-10-1201 *et seq.,* mandates the development, establishment, and enforcement of basic standards for the health, care, and treatment of persons in long-term care facilities; and mandates that the maintenance and operation of long-term care facilities will ensure safe, adequate, and appropriate care, treatment, and health of residents, such as Sallye Blair.

43.     Defendants infringed upon, and Sallye Blair was deprived of, rights mandated by Arkansas Code sections 20-10-1201 *et seq.* including, but not limited to, the following:

a)      The right to receive adequate and appropriate health care and protective and support services, including social services, mental health services, if available, planned recreational activities, and therapeutic and rehabilitative services consistent with the resident care plan for Sallye Blair with established and recognized practice standards within the community, and with rules as adopted by federal and state agencies, such rights include:

1)      The right to receive adequate and appropriate custodial service, defined as care for Sallye Blair which entailed observation of diet and sleeping habits and maintenance of a watchfulness over her general health, safety, and well-being; and

2)      The right to receive adequate and appropriate residential care plans, defined as a written plan developed, maintained, and reviewed not less than quarterly by a registered nurse, with participation from other facility staff and Sallye Blair or her designee or legal representative, which included a comprehensive assessment of the needs of Sallye Blair, a listing of services provided within or outside the facility to meet those needs, and an explanation of service goals;

b)      The right to regular, consultative, and emergency services of physicians;

c)      The right to appropriate observation, assessment, nursing diagnosis, planning, intervention, and evaluation of care by nursing staff;

d)      The right to access to dental and other health-related services, recreational services, rehabilitative services, and social work services appropriate to the needs and conditions of Sallye Blair, and not directly furnished by the licensee(s);

e)      The right to a wholesome and nourishing diet sufficient to meet generally accepted standards of proper nutrition, guided by standards recommended by

14

nationally recognized professional groups and associations with knowledge of dietetics, and such therapeutic diets as may be prescribed by attending physicians;

f)      The right to a facility with its premises and equipment, and conduct of its operations maintained in a safe and sanitary manner;

g)      The right to be free from mental and physical abuse;

h)      The right of Sallye Blair to have privacy of her body in treatment and in caring for her personal needs;

i)      The right to prompt efforts by the facility to resolve resident grievances, including grievances with respect to resident care and the behavior of other residents;

j)      The right to participate in social, religious, and community activities;

k)      The right to the obligation of the facility to keep full records of the admissions and discharges of Sallye Blair, and her medical and general health status, including:

1)   medical records;

2)   personal and social history; and

3)   individual resident care plans, including, but not limited to, prescribed services, service frequency and duration, and service goals;

4)   making it a criminal offense to fraudulently alter, deface, or falsify any medical or other long-term care facility record, or cause or procure any of these offenses to be committed; and

l)      The right to be treated courteously, fairly, and with the fullest measure of dignity.

44.     The above infringement and deprivation of the rights of Sallye Blair were the result of Highlands Defendants failing to do that which a reasonably careful person would do under similar circumstances.

45.     The aforementioned statutory violations constitute evidence of Highlands Defendants' negligence.

46.     Highlands Defendants were further negligent in the hiring, training, retention and supervision of non-medical, caretaking staff and the professional nursing staff at the facility.

47.     Highlands Defendants understood that staffing at minimum levels did not necessarily meet the needs required by residents at Highlands of Little Rock South Cumberland, LLC, such as Sallye Blair.  Highlands Defendants also were aware that the biggest expenditure in their operating budget was staffing the facility.   Highlands Defendants sought and kept staffing at or below minimum levels, knowing that this staffing strategy would result in injury to residents at Highlands of Little Rock South Cumberland, LLC, including Sallye Blair.

48.     The foregoing breaches of duties of ordinary care owed by the Highlands Defendants, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Sallye Blair at Highlands of Little Rock South Cumberland, LLC, and without which, the injuries alleged herein would not have occurred.

49.     A reasonable nursing home, operating under the same or similar circumstances as Highlands of Little Rock South Cumberland, LLC, would not have breached the above-described duties of care.  It was reasonably foreseeable that the

injuries described herein, would result from the breaches of duties of care set out above.

50.    Plaintiff alleges that Highlands Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conduct and the manner in which Highlands of Little Rock South Cumberland, LLC was operated, would naturally and probably result in injury to residents, such as Sallye Blair, and yet Highlands Defendants continued such conduct with actual malice or in reckless disregard of the consequences from which malice may be inferred.

51.    Due to the injuries proximately caused by Highlands Defendants' ordinary negligence, Sallye Blair is entitled to be compensated by an amount of money which will reasonably and fairly compensate her for her injuries and damages and which includes, but is not limited to, conscious pain and suffering, medical and other related expenses, mental anguish, disfigurement, disability, degradation, loss of personal dignity, and other results of Sallye Blair's injuries.  The amount of compensation, to be determined by a jury, should exceed the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus all other relief to which the Plaintiff is determined to be entitled by law.

52.    In addition to compensatory damages for the actual losses that Sallye Blair sustained, Plaintiff also is entitled to recover punitive damages for the grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, of Highlands Defendants, including, but not limited to, conscious pain and suffering, medical and other related expenses, past and future mental anguish, emotional distress, and pecuniary injuries, in an amount exceeding that required by federal court jurisdiction in

diversity of citizenship cases to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## II. CAUSE OF ACTION FOR MEDICAL MALPRACTICE NEGLIGENCE AND FAILURES IN PROFESSIONAL STANDARDS OF CARE IMPOSED ON A LONG-TERM CARE FACILITY

53.    Wrongful conduct by Highlands Defendants, their agents and employees, also included acts or omissions constituting professional medical or nursing negligence, pursuant to the Actions for Medical Injury Act, Arkansas Code sections 16-114-201 *et seq.*, to the extent the above-described injuries incurred by Sallye Blair included "medical injuries," as defined by that Act.

54.    Each of the Highlands Defendants was either a "medical care provider" or was vicariously liable for the conduct of a "medical care provider," as defined by the Act, Arkansas Code section 16-114-201(2), in relevant part, as a nurse, nursing home, or an officer, employee or agent thereof acting in the course and scope of employment in the providing of such medical care or medical services.

55.    In diagnosing the condition of and treating a patient through the provision of services requiring the judgment, skills and/or training of licensed medical or nursing personnel, a nursing home has a professional duty to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of the same profession in good standing, engaged in the same skilled nursing home practice in the locality in which the nursing home practices or in a similar locality.

56.    While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to follow physician orders for medication and treatment, as well as ordered safety measures.

18

57.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to timely assess, care plan, document and prevent or treat urinary tract infections.

58.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to timely assess, care plan, document and prevent, treat or manage pain.

59.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to timely assess, care plan, document and notify Sallye Blair's physician and family about substantial changes in her condition and mental status.

60.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to timely assess, care plan, document and treat or intervene to prevent malnutrition.

61.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to timely assess, care plan, document and treat or intervene to prevent the worsening of pressure sores.

62.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Defendants maintained inadequate nursing records and were incomplete in documenting nursing care.

63.     The foregoing breaches of duties of professional medical and nursing standards of care owed by Defendants, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Sallye Blair at the facility, and without which breaches of care, her injuries would not have occurred.

64.     A nursing home, in good standing and engaged in the practice of skilled long-term care in the same or a similar locality, would not have breached the above-described duties of professional medical or nursing care.  It was reasonably foreseeable that the injuries described herein would result from the breaches of duties of professional care set out above.

65.     Plaintiff alleges that Highlands Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conduct and the manner in which Highlands of Little Rock South Cumberland, LLC was operated would naturally and probably result in injury to residents, such as Sallye Blair.  Yet, Highlands Defendants continued such conduct with actual malice or in reckless disregard of the consequences from which malice may be inferred.

66.     Due to the injuries proximately caused by Highlands Defendants' professional medical and nursing negligence, Sallye Blair is entitled to be compensated by an amount of money which will reasonably and fairly compensate her for her injuries and damages and which includes, but is not limited to, conscious pain and suffering, medical and other related expenses, mental anguish, disfigurement, disability, degradation, loss of personal dignity, and other results of Sallye Blair's injuries.  The amount of compensation, to be determined by a jury, should exceed the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus all other relief to which the Plaintiff is determined to be entitled by law.

67.     In addition to compensatory damages for the actual losses that Sallye Blair sustained, Plaintiff also is entitled to recover punitive damages for the grossly

negligent, willful, wanton, reckless, malicious and/or intentional conduct, of Highlands Defendants, including, but not limited to, conscious pain and suffering, medical and other related expenses, past and future mental anguish, emotional distress, and pecuniary injuries, in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

**CAUSES OF ACTION AGAINST ADMINISTRATOR DEFENDANT**

**III.    CAUSE OF ACTION FOR ORDINARY NEGLIGENCE AND FAILURES IN ORDINARY DUTIES OF CARE**

68.    As Administrator at Highlands of Little Rock at Cumberland Therapy and Living Center, Defendant Mary D. Huntsman-Hartfield ("Administrator Defendant") undertook duties of care to the residents at the facility.

69.    Administrator Defendant had a duty to administer Highlands of Little Rock at Cumberland Therapy and Living Center in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychological well-being of each resident.

70.    It was foreseeable to Administrator Defendant that harm would result to Sallye Blair if Administrator Defendant did not use ordinary care to administer the facility in compliance with accepted professional and industry standards and principles that apply to professionals providing services in such facilities.

71.    Administrator Defendant was obligated to use ordinary care to ensure that trained and qualified staff, in sufficient numbers, were available to provide Sallye Blair the care and attention reasonably required by her mental and physical condition, and to

ensure that the orders and directions of Sallye Blair's attending physician and care plan were followed regarding her activities of daily living and ordinary caretaking.

72.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to ensure that trained and qualified staff, in sufficient numbers, were available to assist Sallye Blair with her activities of daily living.

73.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to supervise nurses and nurses' aides and failed to hire sufficient nurses and nurses' aides, and as such, the nurses and nurses' aides were unable to provide Sallye Blair the care she required.

74.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to adequately assess, evaluate, and supervise nursing personnel to ensure that Sallye Blair received appropriate nursing care.

75.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility.

76.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendants failed to ensure that Sallye Blair attained and maintained her highest level of physical, mental, and psychosocial well-being.

77.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to provide a sanitary environment to prevent infections.

78.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendants failed to ensure that Sallye Blair received medication, care and treatment in accordance with physician's orders.

79.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to ensure that Sallye Blair was treated with the dignity and respect that all nursing home residents are entitled to receive.

80.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to provide a safe environment for Sallye Blair.

81.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to ensure that Sallye Blair received sufficient nutrition to avoid significant weight loss and malnutrition.

82.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to ensure that Sallye Blair received sufficient fluids to prevent dehydration.

83.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility. While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living

Center, Administrator Defendant failed to determine whether the facility had sufficient numbers of personnel to meet the total needs of Sallye Blair.

84.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to document, maintain files, investigate, and respond to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

85.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to ensure that Sallye Blair was provided with basic and necessary care and supervision.

86.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to adequately hire, train, supervise and retain a sufficient amount of competent and qualified registered nurses, licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Sallye Blair received care, treatment, and services in accordance with duties owed, and industry and community standards and practices.

87.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to assign nursing personnel at the facility duties consistent with their education and experience based on Sallye Blair's medical history and condition, and her nursing and rehabilitative needs; the characteristics of the resident population residing in the area of the facility where Sallye Blair was a resident; and nursing skills needed to provide care to such resident population.

88.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to provide sufficient numbers of qualified personnel, to ensure that Sallye Blair was provided with a safe environment, received timely and accurate care assessments, and received prescribed treatment and medication.

89.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to properly in-service and orient employees to pertinent resident care needs to maintain the safety of residents.

90.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to protect Sallye Blair from abuse and neglect.

91.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Sallye Blair.

92.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to document and maintain all records on Sallye Blair in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment.

93.    The foregoing breaches of duties of ordinary care owed by the Administrator Defendant, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Sallye Blair at Highlands of Little Rock at Cumberland Therapy and Living Center, and without which, the injuries would not have occurred.

94.    A reasonable nursing home administrator, operating under the same or similar circumstances as Administrator Defendant would not have breached the above-described duties of care.  It was reasonably foreseeable that the injuries described herein would result from the breaches of duties of care set out above.

95.    Due to the injuries proximately caused by Administrator Defendant, Sallye Blair is entitled to be compensated by an amount of money which will reasonably and fairly compensate her for her injuries and damages and which includes, but is not limited to, compensation for conscious pain and suffering, medical and other related expenses, mental anguish, disability, degradation, loss of personal dignity, and other results of Sallye Blair's injuries.  The amount of compensation, to be determined by a jury, should exceed the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus all other relief to which the Plaintiff is determined to be entitled by law.

**DEMAND FOR JURY TRIAL**

96.    Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Sallye Blair, by and through her Power of Attorney, Darrick Blair, prays for judgment against Defendants as follows:

1.     For damages in an amount adequate to compensate Plaintiff for the injuries and damages sustained.

2.     For all general and special damages caused by the alleged conduct of Defendants.

3.     For punitive damages sufficient to punish Defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Sallye Blair and to deter Defendants and others from repeating such atrocities.

4.     For all other relief to which Plaintiff is entitled.


Respectfully submitted,

Sallye Blair, by and through her Power of Attorney, Darrick Blair

By:   /s/ Jeff Priebe
      Jeff R. Priebe (AR 2001124)
      jpriebe@jamescarterlaw.com
      James & Carter, PLC
      500 Broadway, Suite 400
      Little Rock, AR  72201
      Tel 501.372.1414; Fax 501.372.1659

      – and –

      Robert H. Edwards (AR 99010)
      The Edwards Firm, PLLC
      711 West Third Street
      Little Rock, AR  72201
      Tel 501.372.1329; Fax 501.372.1336
      bob@bobedwardslaw.com

      Attorneys for Plaintiff

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Mar-24 13:19:07
60CV-16-1786
C06D06 : 4 Pages

## DURABLE POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS:

THAT I, SALLYE BLAIR, of Little Rock, Arkansas, by these presents do make, constitute and appoint DARRICK BLAIR, of Little Rock, Arkansas, as my true and lawful attorney in fact (hereinafter "Attorney"), to perform the following acts, duties and powers, giving and granting unto my Attorney full and complete power and authority in the premises to do, say, act, transact and perform each, all and every act, thing and deed whatsoever pertinent thereto, requisite and necessary to be done, said, transacted and performed in and about the premises, or related to the purposes and powers hereinafter set out and granted, as fully to all intents and purposes as I might or could do if personally present and acting in my own behalf, to-wit:

1. **General Grant of Power**.  My Attorney shall have full power to act for me and in my name in all matters and to do all things that I could do if personally present and acting in my own behalf.

2. **Specific Powers**.  The general grant of power shall include, but not be limited to, the following powers:

(a) **Collection**.  To demand, forgive, sue for, recover, collect, settle, extend or compromise any debt or claim payable to me with respect to money, commercial paper, notes, checks, drafts, accounts, deposits, certificates of deposit, tax and other refunds, securities, dividends, interest, rents, annuities, insurance proceeds, pensions, profit sharing payments, retirement benefits, social security payments, Medicare and Medicaid payments, inheritances, documents of title and all other property (real or personal) and obligations in which at any time I have any interest.

(b) **Payment**.  To pay, compromise, renew or settle any debt, claim or liability due from me.

(c) **Banking**.  To sign, endorse, receive, guarantee and stop payment on checks, drafts, notes, and other instruments for the payment of money; to open or close accounts, and to deposit and withdraw money, purchase and redeem savings bonds, certificates of deposit and other time deposits, whether held solely or jointly, in banks, savings and loan associations and other institutions.

(d) **Borrowing**.  To obtain credit, borrow money or renew existing loans from any source; to pledge, mortgage or assign any property as collateral and execute instruments necessary to do so.

(e) **Purchase and Sale**.  To purchase, acquire, lease, exchange, sell and transfer any property, real or personal, tangible or intangible, including United States Treasury bonds redeemable at par to pay federal estate taxes and other obligations of the United States, commodities, options, stocks, bonds and other securities; to borrow in connection with any purchase; to purchase on margin.

**EXHIBIT A-1**

(f) **Property Management**.   To manage, sell, lease, occupy, possess, insure, repair, improve, subdivide, raze, grant easements, and execute land trust agreements, deeds and other instruments (including instruments containing warranties and releasing rights of homestead) necessary to convey title in connection with any property, real or personal, tangible or intangible, in which at any time I have any interest, solely or jointly.

(g) **Stock Voting**.   To vote stock in person or by proxy, and to delegate discretionary powers to proxies.

(h) **Existing Contracts**.   To perform any agreement entered into by me.

(i) **Litigation**.   To institute, compromise, settle, defend, appear in, appeal, give bond in and engage counsel to represent me in all legal proceedings in which at any time I may have any interest.   However My Attorney shall have no power to enter into any pre-dispute arbitration agreement.

(j) **Business**.   To invest in, continue or wind up any business interest; to execute and amend partnership agreements; to incorporate, reorganize, merge, consolidate, recapitalize, sell, liquidate or dissolve any business; to elect, employ and compensate directors, officers, employees and agents; to execute buy-sell and voting trust agreements; to exercise options and subscription rights.

(k) **Entry to Safe Deposit Box**.   To enter (including authority to drill) and remove property of mine from, or terminate the lease of, any safe deposit box held in my name, solely or jointly.

(l) **Tax Matters**.   To prepare, sign and file, or receive copies of any income tax returns, gift tax returns, estimates, waivers, consents, protests, receipts, refund claims, requests for filings, agreements and petitions (including petitions to the Tax Court of the United States); to represent me and to hire counsel to represent me before any governmental agency or court.

(m) **Agents**.   To hire and dismiss agents, with the same or more limited powers, to act for my Attorney.

(n) **Medical Care**.   To arrange for my medical, surgical, hospital, nursing and convalescent care and treatment, including consent to treatment and application for insurance and other benefit payments related thereto.

(o) **Insurance**.   To purchase, make loans on, pledge, convert or cancel any insurance in any amount on my life or any property interests I may have at any time; to receive any payments due on cancellation.   Despite any other provision of this instrument my Attorney shall have no power to exercise any incident of ownership I have over any insurance policy on my Attorney's life.

2

**EXHIBIT A-2**

(p) **Gifts**.  To carry on any gift program, charitable or otherwise, in which I am engaged.

(q) **Fiduciary Powers**.  To exercise any powers given to me in a fiduciary capacity, whether solely or jointly, under any trust instrument, will or other instrument to the extent I may delegate the powers; to execute a trust instrument with dispositive provisions identical to any existing will or trust (or both) of mine at the time of execution; to exercise all powers which I have as the settlor or beneficiary of any trust, including the power to amend, revoke, disclaim, and transfer assets to the trust; provided, however, that under no circumstances shall my Attorney have any authority or power whatsoever to execute, amend, alter or revoke any will or codicil of mine or on my behalf.

(r) **Receipts**.  To execute all instruments in connection with the above granted powers or for the protection of parties dealing with my Attorney, including receipts, releases, discharges and indemnifications.

(s) **Retirement Plan Elections**.  To elect, pursuant to the terms of any employee benefit plan, individual retirement plan or insurance contract, the mode of distribution of the proceeds thereof.

(t) **Additional Powers/Limitations**.  In addition to all the foregoing general and specific powers, and not in limitation thereof, my Attorney is further hereby authorized to exercise and is granted any inherent and implied powers and those powers as stated in Act 153 of the 1961 General Assembly of the State of Arkansas, codified at Ark. Code Ann. 28-69-304, as now or hereafter amended, the provisions of which are incorporated herein by this reference as though set out word for word.  I specifically withhold from my Attorney the power to agree or consent to binding arbitration, or to agree to any other process that would preclude the right to have a jury decide any issue in controversy concerning my person or my property.  In the event that there should be a conflict between the specific powers provided herein and those powers stated in said Act, then this instrument shall be interpreted in favor of granting the less restrictive of such conflicting powers to my Attorney.

3.  **Not Affected By Disability or Incapacity**.  This power of attorney shall not be affected by my subsequent disability or incapacity and shall be a durable power of attorney within the meaning of and in accordance with Act 659 of the 1981 General Assembly of the State of Arkansas, codified at Ark. Code Ann. 28-68-201 et seq., as now or hereafter amended.

3

4. **Guardian**. If protective proceedings for the appointment of a guardian of my person or estate are commenced at any time subsequent to my execution of this power of attorney, then I hereby nominate for appointment as such guardian my Attorney, and to the extent allowed by law direct that my Attorney shall serve without bond. I make this nomination pursuant to my right to do so as provided in Ark. Code Ann. 28-68-203.

5. **Governing Law**. The law of Arkansas shall govern this instrument.

6. Successor Attorney in Fact – If the Attorney in Fact named above cannot or is unwilling to serve, then I appoint GARY LEE HINKLE, JR. of Little Rock, Arkansas as my Attorney in Fact with the same and complete powers and duties outlined above.

7. **Ratification**. I authorize any person or institution presented with this power of attorney to honor it without inquiry and to give effect to all documents signed by my Attorney on my behalf. My Attorney's representation that my Attorney is acting according to this instrument shall fully protect anyone dealing with my Attorney. I hereby, for myself, my heirs, executors and administrators, ratify and confirm whatever my Attorney may do under this instrument.

IN WITNESS WHEREOF, I have signed this instrument on this ___15th___ day of ___MARCH___ 2016.

_Sally Blair_

Ms. Sallye M. Blair

### ACKNOWLEDGMENT

STATE OF ARKANSAS

COUNTY OF _Pulaski_ )

On this day before me, the undersigned officer, personally appeared, _Sallye Blair_, to me personally well known, who acknowledged that said person had freely and voluntarily subscribed their name to the foregoing instrument and had executed the same for the consideration and purposes therein contained.

WITNESS my hand and official seal this __15th__ day of __March__, 2016.

_Robert Edwards_      4

NOTARY PUBLIC

[SEAL: ROBERT EDWARDS / COMM. EXP. 5-28-2025 / No. 12689966 / PULASKI COUNTY / NOTARY PUBLIC - ARKANSAS]

**EXHIBIT A-4**

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Mar-24 13:19:07
60CV-16-1786
C06D06 : 2 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and
through her Power of Attorney,
Darrick Blair,                                                                    PLAINTIFF

vs.                              CASE NO. 60CV-16-_____

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants                     DEFENDANTS

## AFFIDAVIT OF JEFF R. PRIEBE

STATE OF ARKANSAS, COUNTY OF PULASKI, SS:

The undersigned, Jeff R. Priebe, having been duly sworn, states upon oath and

affirmation as follows:

1.     I am an attorney with James & Carter, PLC, located at 500 Broadway,

Suite 400, Little Rock, AR 72201.

2.     Darrick Blair, as Power of Attorney for Sallye Blair, has employed James &

Carter, PLC as co-counsel to bring a cause of action against defendants Highlands of

Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland

Therapy and Living Center; Highlands of Arkansas, LLC; Aria Health Group LLC; Aria

Health Consulting, LLC; APH&R Nursing, LLC; Mary D. Huntsman-Hartfield, in her

capacity as Administrator  of Highlands of Little Rock at Cumberland Therapy and Living

Center; and John Does 1 through 5, Unknown Defendants.

**EXHIBIT B**

3.      Plaintiff is currently unable to identify all potential tortfeasors liable for Plaintiff's claims, including John Does 1 through 5, Unknown Defendants.

4.      Plaintiff intends to serve discovery upon defendants Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center; Highlands of Arkansas, LLC; Aria Health Group LLC; Aria Health Consulting, LLC; APH&R Nursing, LLC; and Mary D. Huntsman-Hartfield, in her capacity as Administrator of Highlands of Little Rock at Cumberland Therapy and Living Center, upon the service of this Complaint in order to determine the identity of all tortfeasors.

I, Jeff R. Priebe, state upon oath that the statements contained in the above and foregoing Affidavit are true and correct to the best of my knowledge and belief.

Jeff R. Priebe

Dated: 3-24-16

## ACKNOWLEDGEMENT

On this March 24, 2016, before the undersigned officer, personally appeared Jeff R. Priebe, known to be the person whose name is subscribed to in the above and foregoing Affidavit, and acknowledged that he executed the same for the purposes therein contained.

NOTARY PUBLIC

CANDICE MISENHEIMER
MY COMMISSION # 12394697
EXPIRES: August 2, 2023
Pulaski County

**EXHIBIT B**

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and through her Power of Attorney, Darrick Blair.             PLAINTIFF

vs.                          CASE NO. 16CV-16-_____

Highlands of Little Rock South Cumberland, LLC, et al.                         DEFENDANTS

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

> Highlands of Arkansas, LLC
> The Corporation Company
> 124 West Capitol Avenue, Suite 1900
> Little Rock, AR   72201

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:

> Jeff Priebe, James & Carter
> 500 Broadway Suite 400, Little Rock, AR   72201

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

**Additional Notices:   Plaintiff's First Set Of Interrogatories To Defendants and Plaintiff's
First Set Of Requests For Production Of Documents To Defendants** must be answered within
**forty-five (45) days** of service.   Responses should be served on counsel for Plaintiff.

Address of Clerk's Office:                    LARRY CRANE, CIRCUIT CLERK

Pulaski County Circuit Clerk
100 Courthouse                                _____
401 West Markham Street                       Deputy Clerk of Court
Little Rock, AR   72201-2659
                                              Date:_____

[SEAL]

NO. 16CV-16-_____        This summons is for Highlands of Arkansas, LLC

## PROOF OF SERVICE

□ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

□ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

□ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

□ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

□ Other [specify]: _____

□ I was unable to execute service because: _____

_____

My fee is $ ____.

NO. 16CV-16-_____        This summons is for Highlands of Arkansas, LLC

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                                 By: _____
                                 [Signature of server]


                                 _____
                                 [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                             [Signature of server]


                             _____
                             [Printed name]

Address: _____


          _____

Phone: _____

Subscribed and sworn to before me this date: _____


                             _____
                             Notary Public


My commission expires: _____


Additional information regarding service or attempted service:

_____

_____



Arkansas Judiciary

**Case Title:**   SALLYE BLAIR VS HIGHLANDS OF LR S
CUMBERLAND ET,AL

**Case Number:**   60CV-16-1786

**Type:**   SUMMONS - FILER PREPARED

So Ordered

*Timothy S. Bryant*

Timothy Bryant

Electronically signed by TLBRYANT on 2016-03-24 13:37:23    page 4 of 4

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and through her Power of Attorney, Darrick Blair.          **PLAINTIFF**

vs.                                CASE NO. 16CV-16-_____

Highlands of Little Rock South Cumberland, LLC, et al.          **DEFENDANTS**

# SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

> APH&R Nursing, LLC
> The Corporation Company
> 124 West Capitol Avenue, Suite 1900
> Little Rock, AR   72201

A lawsuit has been filed against you.   The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Jeff Priebe, James & Carter
> 500 Broadway Suite 400, Little Rock, AR   72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices:   Plaintiff's First Set Of Interrogatories To Defendants and Plaintiff's First Set Of Requests For Production Of Documents To Defendants** must be answered within **forty-five (45) days** of service.   Responses should be served on counsel for Plaintiff.

Address of Clerk's Office:          LARRY CRANE, CIRCUIT CLERK

Pulaski County Circuit Clerk
100 Courthouse                       _____
401 West Markham Street              Deputy Clerk of Court
Little Rock, AR   72201-2659
                                     Date:_____

[SEAL]

NO. 16CV-16-_____        This summons is for APH&R Nursing, LLC

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

2

NO. 16CV-16-_____        This summons is for APH&R Nursing, LLC

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3



Arkansas Judiciary

**Case Title:**     SALLYE BLAIR VS HIGHLANDS OF LR S
                    CUMBERLAND ET,AL

**Case Number:**    60CV-16-1786

**Type:**           SUMMONS - FILER PREPARED

So Ordered

*Timothy S. Bryant*

Timothy Bryant

Electronically signed by TLBRYANT on 2016-03-24 13:37:33    page 4 of 4

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and through her Power of Attorney, Darrick Blair.                PLAINTIFF

vs.                                   CASE NO. 16CV-16-_____

Highlands of Little Rock South Cumberland, LLC, et al.                   DEFENDANTS

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

    Mary D. Huntsman-Hartfield

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Jeff Priebe, James & Carter
        500 Broadway Suite 400, Little Rock, AR   72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices:   Plaintiff's First Set Of Interrogatories To Defendants and Plaintiff's First Set Of Requests For Production Of Documents To Defendants** must be answered within **forty-five (45) days** of service.   Responses should be served on counsel for Plaintiff.

Address of Clerk's Office:            LARRY CRANE, CIRCUIT CLERK

Pulaski County Circuit Clerk
100 Courthouse                        _____
401 West Markham Street               Deputy Clerk of Court
Little Rock, AR   72201-2659
                                      Date:_____

[SEAL]

NO. 16CV-16-_____        This summons is for Mary D. Huntsman-Hartfield

## PROOF OF SERVICE

□ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

□ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

□ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

□ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

□ Other [specify]: _____

□ I was unable to execute service because: _____

_____

My fee is $ ____.

NO. 16CV-16-_____   This summons is for Mary D. Huntsman-Hartfield

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3



Arkansas Judiciary

**Case Title:**      SALLYE BLAIR VS HIGHLANDS OF LR S
                     CUMBERLAND ET,AL

**Case Number:**     60CV-16-1786

**Type:**            SUMMONS - FILER PREPARED

So Ordered

Timothy Bryant

Electronically signed by TLBRYANT on 2016-03-24 13:37:53    page 4 of 4

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and through her Power of Attorney, Darrick Blair.          PLAINTIFF

vs.                              CASE NO. 16CV-16-_____

Highlands of Little Rock South Cumberland, LLC, et al.          DEFENDANTS

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

> Aria Health Group LLC
> The Corporation Company
> 124 West Capitol Avenue, Suite 1900
> Little Rock, AR   72201

A lawsuit has been filed against you.   The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Jeff Priebe, James & Carter
> 500 Broadway Suite 400, Little Rock, AR   72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices:   Plaintiff's First Set Of Interrogatories To Defendants and Plaintiff's First Set Of Requests For Production Of Documents To Defendants** must be answered within **forty-five (45) days** of service.   Responses should be served on counsel for Plaintiff.

Address of Clerk's Office:          LARRY CRANE, CIRCUIT CLERK

Pulaski County Circuit Clerk          _____
100 Courthouse
401 West Markham Street          Deputy Clerk of Court
Little Rock, AR   72201-2659
                                           Date:_____

[SEAL]

NO. 16CV-16-_____        This summons is for Aria Health Group LLC

## PROOF OF SERVICE

□ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

□ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

□ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

□ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

□ Other [specify]: _____

□ I was unable to execute service because: _____

_____

My fee is $ ____.

NO. 16CV-16-_____        This summons is for Aria Health Group LLC

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]


_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]


_____
[Printed name]

Address: _____


_____

Phone: _____

Subscribed and sworn to before me this date: _____


_____
Notary Public


My commission expires: _____


Additional information regarding service or attempted service:


_____

_____



Arkansas Judiciary

**Case Title:**    SALLYE BLAIR VS HIGHLANDS OF LR S
CUMBERLAND ET,AL

**Case Number:**    60CV-16-1786

**Type:**    SUMMONS - FILER PREPARED


So Ordered

Timothy Bryant

Electronically signed by TLBRYANT on 2016-03-24 13:38:03    page 4 of 4

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and through her Power of Attorney, Darrick Blair.          PLAINTIFF

vs.                              CASE NO. 16CV-16-_____

Highlands of Little Rock South Cumberland, LLC, et al.          DEFENDANTS

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

> Highlands of Little Rock South Cumberland, LLC,
>     d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center
> The Corporation Company
> 124 West Capitol Avenue, Suite 1900
> Little Rock, AR   72201

A lawsuit has been filed against you.   The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) — or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
— you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:

> Jeff Priebe, James & Carter
> 500 Broadway Suite 400, Little Rock, AR   72201

If you fail to respond within the applicable time period, judgment by default may be entered
against you for the relief demanded in the complaint.

**Additional Notices:   Plaintiff's First Set Of Interrogatories To Defendants and Plaintiff's
First Set Of Requests For Production Of Documents To Defendants** must be answered within
**forty-five (45) days** of service.   Responses should be served on counsel for Plaintiff.

Address of Clerk's Office:                    LARRY CRANE, CIRCUIT CLERK

Pulaski County Circuit Clerk                  _____
100 Courthouse
401 West Markham Street                       Deputy Clerk of Court
Little Rock, AR   72201-2659
                                              Date:_____

[SEAL]

NO. 16CV-16-_____     This summons is for Highlands of Little Rock South Cumberland, LLC,  d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center

## PROOF OF SERVICE

□ I personally delivered the summons and complaint to the individual at _____ _____[place] on _____ [date]; or

□ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

□ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

□ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

□ Other [specify]: _____

□ I was unable to execute service because: _____

_____

My fee is $ ____.

2

NO. 16CV-16-_____        This summons is for Highlands of Little Rock South Cumberland, LLC,   d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3



## Arkansas Judiciary

**Case Title:**     SALLYE BLAIR VS HIGHLANDS OF LR S
                    CUMBERLAND ET,AL

**Case Number:**    60CV-16-1786

**Type:**           SUMMONS - FILER PREPARED


So Ordered

*Timothy S. Bryant*

Timothy Bryant


Electronically signed by TLBRYANT on 2016-03-24 13:38:53    page 4 of 4

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and through her Power of Attorney, Darrick Blair.          PLAINTIFF

vs.                              CASE NO. 16CV-16-_____

Highlands of Little Rock South Cumberland, LLC, et al.          DEFENDANTS

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

      Aria Health Consulting, LLC
      The Corporation Company
      124 West Capitol Avenue, Suite 1900
      Little Rock, AR   72201

A lawsuit has been filed against you.   The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

      Jeff Priebe, James & Carter
      500 Broadway Suite 400, Little Rock, AR   72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices:   Plaintiff's First Set Of Interrogatories To Defendants and Plaintiff's First Set Of Requests For Production Of Documents To Defendants** must be answered within **forty-five (45) days** of service.   Responses should be served on counsel for Plaintiff.

Address of Clerk's Office:                    LARRY CRANE, CIRCUIT CLERK

Pulaski County Circuit Clerk
100 Courthouse                               _____
401 West Markham Street                      Deputy Clerk of Court
Little Rock, AR   72201-2659
                                             Date:_____

[SEAL]

NO. 16CV-16-_____        This summons is for Aria Health Consulting, LLC

## PROOF OF SERVICE

□ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

□ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

□ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

□ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

□ Other [specify]: _____

□ I was unable to execute service because: _____

_____

My fee is $ ____.

NO. 16CV-16-_____        This summons is for Aria Health Consulting, LLC

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone:  _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

3



Arkansas Judiciary

**Case Title:**     SALLYE BLAIR VS HIGHLANDS OF LR S
                    CUMBERLAND ET,AL

**Case Number:**    60CV-16-1786

**Type:**           SUMMONS - FILER PREPARED


So Ordered

*Timothy S. Bryant*

Timothy Bryant


Electronically signed by TLBRYANT on 2016-03-24 13:39:23     page 4 of 4

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Mar-24 13:19:07
60CV-16-1786
C06D06 : 1 Page

# COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

## FILING INFORMATION

County: **PULASKI**    District:    Docket Number:

Judge:    Division:    Filing Date:

Plaintiff:    Defendants:
**Sallye Blair, by and through her**    **Highlands of Little Rock Cumberland, LLC d/b/a Highlands of Little**
**Power of Attorney, Darrick Blair**    **Rock at Cumberland Therapy and Living Center, et al.**

Attorney Providing Information:    Address and Phone Number:
☒ Plaintiff  ☐ Defendant  ☐ Intervenor    **Jeff R. Priebe (AR 2001124), jpriebe@jamescarterlaw.com**
    **James & Carter, PLC**
Litigant, if *Pro Se:*    **500 Broadway, Suite 400, Little Rock, AR 72201**
    **Telephone: 501.372.1414; Facsimile: 501.372.1659**

_____
Related Case(s): Judge _____    Case Number(s) _____

**Type of Case:**

*Torts*
☐ (NM) Negligence: Motor Vehicle
☐ (NO) Negligence: Other
☐ (BF) Bad Faith
☐ (FR) Fraud
☐ (MP) Malpractice
☐ (PL) Products Liability
☒ (OD) Other Nursing Home Negligence
*Contracts*
☐ (IS) Insurance
☐ (DO) Debt: Open Account
☐ (PN) Debt: Promissory Note
☐ (EM) Employment
☐ (OC) Other _____

*Equity*
☐ (FC) Foreclosure
☐ (QT) Quiet Title
☐ (IJ) Injunction
☐ (PT) Partition
☐ (OT) Other _____

*Miscellaneous*
☐ (CD) Condemnation
☐ (RE) Replevin
☐ (DJ) Declaratory Judgment
☐ (UD) Unlawful Detainer
☐ (IN) Incorporation
☐ (EL) Election
☐ (FJ) Foreign Judgment
☐ (WT) Writs_____
☐ (AA) Administrative Appeal
☐ (CF) Property Forfeiture
☐ (OM) Other _____

**Jury Trial Requested:** ☒ Yes  ☐ No    **Manner of Filing:**  ☒ Original ☐ Re-open ☐ Transfer
    ☐ Return from Federal/Bankruptcy Court

## DISPOSITION INFORMATION

Disposition Date: _____    ☐ Bench Trial    ☐ Non Trial    ☐ Jury Trial

**Judgment Type:**
☐ (DJ) Default Judgment
☐ (SJ) Summary Judgment
☐ (CJ) Consent Judgment
☐ (TJ) Trial Judgment
☐ (OJ) Other Judgment
☐ (PG) Petition Granted
☐ (PD) Petition Denied
☐ (DF) Decree of Foreclosure

**Dismissal Type:**
☐ (DW) Dismissed with Prejudice
☐ (DN) Dismissed without Prejudice

**Other:**
☐ (TR) Transferred to Another Jurisdiction
☐ (RB) Removed to Bankruptcy Court
☐ (RF) Removed to Federal Court
☐ (AR) Arbitration

**Judgment For:**
☐ Plaintiff  ☐ Defendant  ☐ Both    Judgment Amount: $_____

_____
Clerk's Signature

_____
Date
Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in court file.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-13 16:51:36
60CV-16-1786
C06D06 : 2 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and
through her Power of Attorney, Darrick Blair,                    PLAINTIFF

vs.                          CASE NO. 60CV-16-1786

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants                    DEFENDANTS

## NOTICE OF ACTION OR CLAIM IN COMPLIANCE
## WITH ARKANSAS CODE ANNOTATED §20-77-304

Pursuant to Arkansas Code Annotated § 20-77-304, the Arkansas Department of Human Services is hereby served with written notice of the filing of an action or claim by Sallye Blair, by and through her Power of Attorney, Darrick Blair. Sallye Blair may have been a recipient of medical assistance from the Division of Medicaid of the State of Arkansas. The action or claim has been filed against Defendants, Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center; Highlands of Arkansas, LLC; Aria Health Group LLC; Aria Health Consulting, LLC; APH&R Nursing, LLC; Mary D. Huntsman-Hartfield, in her capacity as Administrator of Highlands of Little Rock at Cumberland Therapy and Living Center; and John Does 1 through 5, Unknown Defendants.

1

Respectfully submitted,

Sallye Blair, by and through her Power of
Attorney, Darrick Blair

By: _____
      Jeff R. Priebe (AR 2001124)
      James & Carter, PLC
      500 Broadway, Suite 400
      Little Rock, AR  72201
      Tel 501.372.1414; Fax 501.372.1659
      jpriebe@jamescarterlaw.com

      – and –

      Robert H. Edwards (AR 99010)
      The Edwards Firm, PLLC
      711 West Third Street
      Little Rock, AR  72201
      Tel 501.372.1329; Fax 501.372.1336
      bob@bobedwardslaw.com

      Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I certify that a copy of the mandatory Notice required by Arkansas Code Annotated §20-77-304 has been served by U.S. Mail, certified, return receipt requested, on the Director of the Department of Human Services on this April 13, 2016:

Director of the Arkansas Department
   of Health and Human Services
S201 Donaghey Plaza West
P.O. Box 1437
Little Rock, AR 72203

_____
Jeff Priebe

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-25 09:22:39
60CV-16-1786
C06D06 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and
through her Power of Attorney, Darrick Blair,                    PLAINTIFF

vs.                              CASE NO. 60CV-16-1786

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants          DEFENDANTS

**AFFIDAVIT OF SERVICE ON APH&R Nursing, LLC**

STATE OF ARKANSAS, COUNTY OF PULASKI:  SS

The undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.     That I am an attorney for the Plaintiff in the above captioned case.

2.     That on April 12, 2016, I caused a copy of the SUMMONS AND COMPLAINT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, AND PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, to be served on APH&R Nursing, LLC by placing a copy thereof in the United States Mail, addressed to APH&R Nursing, LLC, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR  72201, via certified delivery, return receipt and restricted delivery requested to the Addressee or Agent of Addressee and sufficient postage affixed to insure delivery.

1

3.    That on 4.15.2016, said SUMMONS AND COMPLAINT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, AND PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS was claimed as evidenced by the Domestic Return Receipt No. 7015 1730 0001 9792 5256 and by the USPS tracking information, which are attached hereto as the Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 22nd day of April, 2016.

Respectfully submitted,

Sallye Blair, by and through her
Power of Attorney, Darrick Blair

By: _____
    Jeff R. Priebe (AR 2001124)
    James & Carter, PLC
    500 Broadway, Suite 400
    Little Rock, AR  72201
    Telephone: (501) 372-1414
    Facsimile: (501) 372-1659
    Email: jpriebe@jamescarterlaw.com

On this the 22 day of April, 2016, before me, Jeff R. Priebe, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

NOTARY PUBLIC

CANDICE MISENHEIMER
MY COMMISSION # 12394697
NOTARY PUBLIC
EXPIRES: August 2, 2023
Pulaski County

US POSTAGE **$17.65⁰**

Mailed From 72201
04/12/2016
032A 0061842540

JAMES & CARTER, P.L.C.
ATTORNEYS AT LAW
ARVEST BANK BUILDING
500 BROADWAY, SUITE 400
LITTLE ROCK, AR 72201

APH&R Nursing, LLC
The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201

CERTIFIED MAIL

7015 1730 0001 9792 5256
7015 1730 0001 9792 5256

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

# OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | 3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | 2.70 |
| ☐ Return Receipt (hardcopy) $ | |
| ☐ Return Receipt (electronic) $ | |
| ☐ Certified Mail Restricted Delivery $ | 8.25 |
| ☐ Adult Signature Required $ | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $ | 3.25 |
| Total Postage and Fees $ | 17.65 |

Postmark
Here

APH&R Nursing, LLC
The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201

See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

APH&R Nursing, LLC
THE CORPORATION COMPANY
124 WEST CAPITOL AVENUE, SUITE 1900
LITTLE ROCK, AR 72201



9590 9401 0133 5225 2365 68

2. Article Number (Transfer from service label)
7015 1730 0001 9792 5256

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x CT CORPORATION     ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   APR 15 2016   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

EXHIBIT
A

| English | Customer Service | USPS Mobile | | Register / Sign In |



# USPS Tracking®



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.

---

**Tracking Number:** 70151730000197925256

**Updated Delivery Day: Friday, April 15, 2016**

## Product & Tracking Information

Postal Product:

**Features:**
Certified Mail™

**Available Actions**

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **April 15, 2016 , 8:38 am** | **Delivered, Individual Picked Up at Postal Facility** | **LITTLE ROCK, AR 72202** |

Your item was picked up at a postal facility at 8:38 am on April 15, 2016 in LITTLE ROCK, AR 72202.

| | | |
|---|---|---|
| April 14, 2016 , 12:47 pm | Available for Pickup | LITTLE ROCK, AR 72202 |
| April 14, 2016 , 10:36 am | Arrived at Unit | LITTLE ROCK, AR 72202 |
| April 14, 2016 , 4:51 am | Departed USPS Facility | LITTLE ROCK, AR 72231 |
| April 12, 2016 , 10:41 pm | Arrived at USPS Facility | LITTLE ROCK, AR 72231 |

---

## Track Another Package

Tracking (or receipt) number

[                                        ]   Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



---

**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2016 USPS. All Rights Reserved.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-25 09:22:39
60CV-16-1786
C06D06 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and
through her Power of Attorney, Darrick Blair,                    PLAINTIFF


vs.                          CASE NO. 60CV-16-1786

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants          DEFENDANTS

## AFFIDAVIT OF SERVICE

STATE OF ARKANSAS, COUNTY OF PULASKI:  SS

    The undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

    1.    That I am the attorney for the Estate in the above captioned case.

    2.    That on April 13, 2016, I caused a copy of the NOTICE OF ACTION OR CLAIM IN COMPLIANCE WITH ARKANSAS CODE ANNOTATED 20-77-304 to be served on the Director of the Arkansas Department of Health and Human Services by placing a copy thereof in the United States Mail, addressed to Director of the Arkansas Department of Health and Human Services, with certified delivery, return receipt requested to the Addressee or Agent of Addressee and sufficient postage affixed to insure delivery.

    3.    That said NOTICE OF ACTION OR CLAIM IN COMPLIANCE WITH

ARKANSAS CODE ANNOTATED 20-77-304 was claimed as evidenced by the Domestic Return Receipt No. 7015 1730 0001 9792 5324, and by the USPS tracking information, which are attached hereto as the Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _22_ day of April, 2016.

Respectfully submitted,

Sallye Blair, by and through her
Power of Attorney, Darrick Blair

By:  /s/ Jeff Priebe
        Jeff R. Priebe (AR 2001124)
        jpriebe@jamescarterlaw.com
        James & Carter, PLC
        500 Broadway, Suite 400
        Little Rock, AR  72201
        Tel 501.372.1414; Fax 501.372.1659

Attorneys for Plaintiff

On this the _22_ day of April, 2016, before me, Jeff R. Priebe, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

NOTARY PUBLIC

CANDICE MISENHEIMER
MY COMMISSION # 12394697
EXPIRES: August 2, 2023
Pulaski County

2

*US POSTAGE*
**$08.35**

Mailed From 72201
04/13/2016
032A 0061842540

JAMES & CARTER, P.L.C.
ATTORNEYS AT LAW
ARVEST BANK BUILDING
500 BROADWAY, SUITE 400
LITTLE ROCK, AR 72201

Director of the Arkansas Department
of Health and Human Services
S201 Donaghey Plaza West
P.O. Box 1437
Little Rock, AR 72203

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
### Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)     $ 2.70
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required      $
☐ Adult Signature Restricted Delivery $

Postmark
Here

3.45

Postage
2.20   || 8.35

Total

Director of the Arkansas Department
of Health and Human Services
S201 Donaghey Plaza West
P.O. Box 1437
Little Rock, AR 72203

7015 1730 0001 9792 5324

**EXHIBIT**
**A**

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Director of the Arkansas Department
of Health and Human Services
S201 Donaghey Plaza West
P.O. Box 1437
Little Rock, AR 72203

9590 9401 0133 5225 2365 99

2. Article Number *(Transfer from service label)*
7015 1730 0001 9792 5324

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

MAIL OFFICE
APR 15 2016
LITTLE ROCK

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt



| English | Customer Service | USPS Mobile | | Register / Sign In |

**≠USPS.COM®**

# USPS Tracking®



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number: 70151730000197925324**

**Updated Delivery Day: Friday, April 15, 2016**

## Product & Tracking Information

**Postal Product:**

**Features:**
Certified Mail™

**Available Actions**

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **April 15, 2016 , 8:00 am** | **Delivered, Individual Picked Up at Postal Facility** | **LITTLE ROCK, AR 72202** |

Your item was picked up at a postal facility at 8:00 am on April 15, 2016 in LITTLE ROCK, AR 72202

| April 15, 2016 , 7:03 am | Available for Pickup | LITTLE ROCK, AR 72202 |
| April 15, 2016 , 5:26 am | Arrived at Unit | LITTLE ROCK, AR 72202 |
| April 15, 2016 , 1:27 am | Departed USPS Facility | LITTLE ROCK, AR 72231 |
| April 13, 2016 , 9:52 pm | Arrived at USPS Facility | LITTLE ROCK, AR 72231 |

## Track Another Package

Tracking (or receipt) number

[                                    ]  **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



| HELPFUL LINKS | ON ABOUT.USPS.COM | OTHER USPS SITES | LEGAL INFORMATION |
|---|---|---|---|
| Contact Us | About USPS Home | Business Customer Gateway | Privacy Policy |
| Site Index | Newsroom | Postal Inspectors | Terms of Use |
| FAQs | USPS Service Updates | Inspector General | FOIA |
| | Forms & Publications | Postal Explorer | No FEAR Act EEO Data |
| | Government Services | National Postal Museum | |
| | Careers | Resources for Developers | |

Copyright © 2016 USPS. All Rights Reserved.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-25 09:22:39
60CV-16-1786
C06D06 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and
through her Power of Attorney, Darrick Blair,                    PLAINTIFF

vs.                         CASE NO. 60CV-16-1786

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants                    DEFENDANTS

**AFFIDAVIT OF SERVICE ON Highlands of Little Rock South Cumberland, LLC,
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center**

STATE OF ARKANSAS, COUNTY OF PULASKI:  SS

The undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on April 12, 2016, I caused a copy of the SUMMONS AND COMPLAINT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, AND PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, to be served on Highlands of Little Rock South Cumberland, LLC, d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center by placing a copy thereof in the United States Mail, addressed to Highlands of Little Rock South Cumberland, LLC, d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock,

AR  72201, via certified delivery, return receipt and restricted delivery requested to the Addressee or Agent of Addressee and sufficient postage affixed to insure delivery.

3.      That on 4.15.2016, said SUMMONS AND COMPLAINT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, AND PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS was claimed as evidenced by the Domestic Return Receipt No. 7015 1730 0001 9792 5294 and by the USPS tracking information, which are attached hereto as the Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _____ day of April, 2016.

Respectfully submitted,

Sallye Blair, by and through her
Power of Attorney, Darrick Blair

By:_____
Jeff R. Priebe (AR 2001124)
James & Carter, PLC
500 Broadway, Suite 400
Little Rock, AR  72201
Telephone: (501) 372-1414
Facsimile: (501) 372-1659
Email: jpriebe@jamescarterlaw.com

On this the 22 day of April, 2016, before me, Jeff R. Priebe, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

NOTARY PUBLIC



CANDICE MISENHEIMER
MY COMMISSION # 12394697
EXPIRES: August 2, 2023
Pulaski County

2



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL**





US POSTAGE
$17.65℗

Mailed From 72201
04/12/2016
032A 0061842540

7015 1730 0001 9792 5294

# U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

# OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | 3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☑ Return Receipt (hardcopy) $ 2.70 | |
| ☐ Return Receipt (electronic) $ | Postmark |
| ☑ Certified Mail Restricted Delivery $ 8.25 | Here |
| ☐ Adult Signature Required $ | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage 3.25 | 17.65 |
| Total Postage and Fees |

$
Highlands of Little Rock South Cumberland, LLC,
d/b/a Highlands of Little Rock at Cumberland
Therapy and Living Center
The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR  72201

JAMES & CARTER, P.L.C.
ATTORNEYS AT LAW
ARVEST BANK BUILDING
500 BROADWAY, SUITE 400
LITTLE ROCK, AR 72201

Highlands of Little Rock South Cumberland, LLC,
d/b/a Highlands of Little Rock at Cumberland
Therapy and Living Center
The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR  72201

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Highlands of Little Rock South Cumberland, LLC,
d/b/a Highlands of Little Rock at Cumberland
Therapy and Living Center
The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR  72201



9590 9401 0133 5225 2365 20

2. Article Number (Transfer from service label)
7015 1730 0001 9792 5294

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
x **CT CORPORATION**          ☐ Agent
                              ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
APR 1 5 2016

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt



EXHIBIT
A



# USPS Tracking®


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number:** 70151730000197925294

**Updated Delivery Day: Friday, April 15, 2016**

## Product & Tracking Information

**Postal Product:**                    **Features:**
                                       Certified Mail™

**Available Actions**

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| April 15, 2016 , 8:38 am | Delivered, Individual Picked Up at Postal Facility | LITTLE ROCK, AR 72202 |

Your item was picked up at a postal facility at 8:38 am on April 15, 2016 in LITTLE ROCK, AR 72202.

| | | |
|---|---|---|
| April 14, 2016 , 12:47 pm | Available for Pickup | LITTLE ROCK, AR 72202 |
| April 14, 2016 , 10:36 am | Arrived at Unit | LITTLE ROCK, AR 72202 |
| April 14, 2016 , 4:51 am | Departed USPS Facility | LITTLE ROCK, AR 72231 |
| April 12, 2016 , 10:41 pm | Arrived at USPS Facility | LITTLE ROCK, AR 72231 |

## Track Another Package

Tracking (or receipt) number

[                                    ]   Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2016 USPS. All Rights Reserved.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-25 09:22:39
60CV-16-1786
C06D06 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and
through her Power of Attorney, Darrick Blair,                     PLAINTIFF

vs.                          CASE NO. 60CV-16-1786

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants                     DEFENDANTS


## AFFIDAVIT OF SERVICE ON Highlands of Arkansas, LLC

STATE OF ARKANSAS, COUNTY OF PULASKI:  SS

    The undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

    1.    That I am an attorney for the Plaintiff in the above captioned case.

    2.    That on April 12, 2016, I caused a copy of the SUMMONS AND COMPLAINT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, AND PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, to be served on Highlands of Arkansas, LLC by placing a copy thereof in the United States Mail, addressed to Highlands of Arkansas, LLC, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR  72201, via certified delivery, return receipt and restricted delivery requested to the Addressee or Agent of Addressee and sufficient postage affixed to insure delivery.

1

3.     That on 4.15.2016, said SUMMONS AND COMPLAINT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, AND PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS was claimed as evidenced by the Domestic Return Receipt No. 7015 1730 0001 9792 5287 and by the USPS tracking information, which are attached hereto as the Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _____ day of April, 2016.

Respectfully submitted,

Sallye Blair, by and through her
Power of Attorney, Darrick Blair

By: _____
Jeff R. Priebe (AR 2001124)
James & Carter, PLC
500 Broadway, Suite 400
Little Rock, AR  72201
Telephone: (501) 372-1414
Facsimile: (501) 372-1659
Email: jpriebe@jamescarterlaw.com

On this the 22 day of April, 2016, before me, Jeff R. Priebe, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.



NOTARY PUBLIC



CANDICE MISENHEIMER
MY COMMISSION # 12394697
EXPIRES: August 2, 2023
Pulaski County

2

$17.65⁹

Mailed From 72201
04/12/2016
032A 0061842540

JAMES & CARTER, P.L.C.
ATTORNEYS AT LAW
ARVEST BANK BUILDING
500 BROADWAY, SUITE 400
LITTLE ROCK, AR 72201

Highlands of Arkansas, LLC
The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

# OFFICIAL USE

Certified Mail Fee
$ 3.45

Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy)           $ 2.90
☐ Return Receipt (electronic)         $
☒ Certified Mail Restricted Delivery  $ 5.25
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ 3.25

Total Postage and Fees
$ 17.65

Highlands of Arkansas, LLC
The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201

7015 1730 0001 9792 5287

---

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Highlands of Arkansas, LLC
THE CORPORATION COMPANY
124 WEST CAPITOL AVENUE, SUITE 1900
LITTLE ROCK, AR 72201



9590 9401 0133 5225 2365 37

2. Article Number *(Transfer from service label)*
7015 1730 0001 9792 5287

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X CT CORPORATION          ☐ Agent
                          ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
APR 15 2016

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

3323853

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

## EXHIBIT
## A

English          Customer Service          USPS Mobile                          Register / Sign In


**USPS.COM®**

# USPS Tracking®


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.

Tracking Number: 70151730000197925287

**Updated Delivery Day: Friday, April 15, 2016**

## Product & Tracking Information

**Postal Product:**              **Features:**
                                 Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **April 15, 2016 , 8:38 am** | **Delivered, Individual Picked Up at Postal Facility** | **LITTLE ROCK, AR 72202** |

Your item was picked up at a postal facility at 8:38 am on April 15. 2016 in LITTLE ROCK, AR 72202.

| | | |
|---|---|---|
| April 14, 2016 , 12:47 pm | Available for Pickup | LITTLE ROCK, AR 72202 |
| April 14, 2016 , 10:37 am | Arrived at Unit | LITTLE ROCK, AR 72202 |
| April 14, 2016 , 4:51 am | Departed USPS Facility | LITTLE ROCK, AR 72231 |
| April 12, 2016 , 10:41 pm | Arrived at USPS Facility | LITTLE ROCK, AR 72231 |

## Available Actions

Text Updates

Email Updates

## Track Another Package

Tracking (or receipt) number

[                                    ]          Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copynght © 2016 USPS. All Rights Reserved.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-25 09:22:39
60CV-16-1786
C06D06 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and
through her Power of Attorney, Darrick Blair,                                    PLAINTIFF

vs.                                CASE NO. 60CV-16-1786

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants                    DEFENDANTS

## AFFIDAVIT OF SERVICE ON Aria Health Group LLC

STATE OF ARKANSAS, COUNTY OF PULASKI:  SS

The undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on April 12, 2016, I caused a copy of the SUMMONS AND COMPLAINT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, AND PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, to be served on Aria Health Group LLC by placing a copy thereof in the United States Mail, addressed to Aria Health Group LLC, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201, via certified delivery, return receipt and restricted delivery requested to the Addressee or Agent of Addressee and sufficient postage affixed to insure delivery.

1

3.    That on 4.15.2016, said SUMMONS AND COMPLAINT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, AND PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS was claimed as evidenced by the Domestic Return Receipt No. 7015 1730 0001 9792 5270 and by the USPS tracking information, which are attached hereto as the Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this 22 day of April, 2016.

Respectfully submitted,

Sallye Blair, by and through her
Power of Attorney, Darrick Blair

By: _____
    Jeff R. Priebe (AR 2001124)
    James & Carter, PLC
    500 Broadway, Suite 400
    Little Rock, AR  72201
    Telephone: (501) 372-1414
    Facsimile: (501) 372-1659
    Email: jpriebe@jamescarterlaw.com

On this the 22 day of April, 2016, before me, Jeff R. Priebe, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

CANDICE MISENHEIMER
MY COMMISSION # 12394697
EXPIRES: August 2, 2023
Pulaski County

US POSTAGE
$17.65⁰

Mailed From 72201
04/12/2016
032A 0061842540

CERTIFIED MAIL

**JAMES & CARTER, P.L.C.**
ATTORNEYS AT LAW
ARVEST BANK BUILDING
500 BROADWAY, SUITE 400
LITTLE ROCK, AR 72201

Aria Health Group LLC
The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201

7015 1730 0001 9792 5270

7015 1730 0001 9792 5270

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

## OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | 3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☑ Return Receipt (hardcopy) | $ 2.70 |
| ☐ Return Receipt (electronic) | $ |
| ☑ Certified Mail Restricted Delivery | $ 8.25 |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | 3.25 |
| Total Postage and Fees | 17.65 |

Postmark
Here

Sent To
Aria Health Group LLC
The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201

See Reverse for Instructions

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Aria Health Group LLC
   The Corporation Company
   124 West Capitol Avenue, Suite 1900
   Little Rock, AR 72201



A. Signature
X  GT CORPORATION   ☐ Agent   ☐ Addressee
B. Received by (Printed Name)   APR 15 2016   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

9590 9401 0133 5225 2365 44

2. Article Number *(Transfer from service label)*

7015 1730 0001 9792 5270

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

3323654



EXHIBIT
A

English        Customer Service        USPS Mobile                              Register / Sign In



# USPS Tracking®


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.

---

**Tracking Number:** 70151730000197925270

**Updated Delivery Day: Friday, April 15, 2016**

## Product & Tracking Information

**Postal Product:**              **Features:**
                                 Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **April 15, 2016 , 8:38 am** | **Delivered, Individual Picked Up at Postal Facility** | **LITTLE ROCK, AR 72202** |

Your item was picked up at a postal facility at 8:38 am on April 15, 2016 in LITTLE ROCK, AR 72202.

| | | |
|---|---|---|
| April 14, 2016 , 12:47 pm | Available for Pickup | LITTLE ROCK, AR 72202 |
| April 14, 2016 , 10:37 am | Arrived at Unit | LITTLE ROCK, AR 72202 |
| April 14, 2016 , 4:34 am | Departed USPS Facility | LITTLE ROCK, AR 72231 |
| April 12, 2016 , 10:43 pm | Arrived at USPS Facility | LITTLE ROCK, AR 72231 |

## Available Actions

Text Updates

Email Updates

---

## Track Another Package

Tracking (or receipt) number

[                                    ]   **Track It**

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



---

**HELPFUL LINKS**        **ON ABOUT.USPS.COM**        **OTHER USPS SITES**        **LEGAL INFORMATION**
Contact Us               About USPS Home              Business Customer Gateway     Privacy Policy
Site Index               Newsroom                     Postal Inspectors             Terms of Use
FAQs                     USPS Service Updates          Inspector General             FOIA
                         Forms & Publications         Postal Explorer               No FEAR Act EEO Data
                         Government Services          National Postal Museum
                         Careers                      Resources for Developers

Copyright © 2016 USPS. All Rights Reserved.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Apr-25 09:22:39
60CV-16-1786
C06D06 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and
through her Power of Attorney, Darrick Blair,                    PLAINTIFF


vs.                          CASE NO. 60CV-16-1786

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants            DEFENDANTS


### AFFIDAVIT OF SERVICE ON Aria Health Consulting, LLC

STATE OF ARKANSAS, COUNTY OF PULASKI:  SS

The undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.      That I am an attorney for the Plaintiff in the above captioned case.

2.      That on April 12, 2016, I caused a copy of the SUMMONS AND COMPLAINT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, AND PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS, to be served on Aria Health Consulting, LLC by placing a copy thereof in the United States Mail, addressed to Aria Health Consulting, LLC, The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR  72201, via certified delivery, return receipt and restricted delivery requested to the Addressee or Agent of Addressee and sufficient postage affixed to insure delivery.

1

3.      That on 4.15.2016, said SUMMONS AND COMPLAINT; PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, AND PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS was claimed as evidenced by the Domestic Return Receipt No. 7015 1730 0001 9792 5263 and by the USPS tracking information, which are attached hereto as the Plaintiff's Exhibit "A".

IN WITNESS WHEREOF, I have set my hand this _____ day of April, 2016.

Respectfully submitted,

Sallye Blair, by and through her
Power of Attorney, Darrick Blair

By:_____
Jeff R. Priebe (AR 2001124)
James & Carter, PLC
500 Broadway, Suite 400
Little Rock, AR  72201
Telephone: (501) 372-1414
Facsimile: (501) 372-1659
Email: jpriebe@jamescarterlaw.com

On this the 22 day of April, 2016, before me, Jeff R. Priebe, the individual known to me to be the person whose name is subscribed to the above and foregoing Affidavit of Service, and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

_____
NOTARY PUBLIC

CANDICE MISENHEIMER
MY COMMISSION # 12394697
EXPIRES: August 2, 2023
Pulaski County

US POSTAGE
$17.65⁹

Mailed From 72201
04/17/2016
032A 0061842540

JAMES & CARTER, P.L.C.
ATTORNEYS AT LAW
ARVEST BANK BUILDING
500 BROADWAY, SUITE 400
LITTLE ROCK, AR 72201

Aria Health Consulting, LLC
The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

| | |
|---|---|
| Certified Mail Fee | 3.45 |
| Extra Services & Fees (check box, add fee as appropriate) | 2.70 |
| ☑ Return Receipt (hardcopy) $ | |
| ☑ Return Receipt (electronic) $ | |
| ☐ Certified Mail Restricted Delivery $ | 8.25 |
| ☐ Adult Signature Required $ | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $ | 3.25 |
| Total Postage and Fees | 17.65 |

Postmark
Here

Aria Health Consulting, LLC
THE CORPORATION COMPANY
124 WEST CAPITOL AVENUE, SUITE 1900
LITTLE ROCK, AR 72201

7015 1730 0001 9792 5263

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>CT CORPORATION<br>B. Received by (Printed Name)   C. Date of Delivery<br>APR 15 2016 |
| 1. Article Addressed to:<br><br>Aria Health Consulting, LLC<br>The Corporation Company<br>124 West Capitol Avenue, Suite 1900<br>Little Rock, AR 72201 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 9590 9401 0133 5225 2365 51 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☑ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☑ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7015 1730 0001 9792 5263 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

3332665

EXHIBIT
A

English        Customer Service        USPS Mobile                                    Register / Sign In



# USPS Tracking®



**Customer Service ›**
Have questions? We're here to help.



**Get Easy Tracking Updates ›**
Sign up for My USPS.

**Tracking Number:** 70151730000197925263

**Updated Delivery Day: Friday, April 15, 2016**

## Product & Tracking Information

| Postal Product: | Features: | | | **Available Actions** |
|---|---|---|---|---|
| | Certified Mail™ | | | Text Updates |
| | | | | Email Updates |

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **April 15, 2016 , 8:38 am** | **Delivered, Individual Picked Up at Postal Facility** | **LITTLE ROCK, AR 72202** |

Your item was picked up at a postal facility at 8:38 am on April 15, 2016 in LITTLE ROCK, AR 72202.

| | | |
|---|---|---|
| April 14, 2016 , 12:47 pm | Available for Pickup | LITTLE ROCK, AR 72202 |
| April 14, 2016 , 10:37 am | Arrived at Unit | LITTLE ROCK, AR 72202 |
| April 14, 2016 , 4:51 am | Departed USPS Facility | LITTLE ROCK, AR 72231 |
| April 12, 2016 , 10:41 pm | Arrived at USPS Facility | LITTLE ROCK, AR 72231 |

## Track Another Package

Tracking (or receipt) number

[                                    ]        Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



| HELPFUL LINKS | ON ABOUT.USPS.COM | OTHER USPS SITES | LEGAL INFORMATION |
|---|---|---|---|
| Contact Us | About USPS Home | Business Customer Gateway | Privacy Policy |
| Site Index | Newsroom | Postal Inspectors | Terms of Use |
| FAQs | USPS Service Updates | Inspector General | FOIA |
| | Forms & Publications | Postal Explorer | No FEAR Act EEO Data |
| | Government Services | National Postal Museum | |
| | Careers | Resources for Developers | |

Copyright © 2016 USPS. All Rights Reserved.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-May-09 16:25:46
60CV-16-1786
C06D06 : 3 Pages

NO. 16CV-16-_1786___         This summons is for Mary D. Huntsman-Hartfield

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☒ I delivered the summons and complaint to _Mary D Hudsmen - H Hartf_[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_Highlands of Little Rock_ [name of defendant] on __5/05/16_____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ ____.

2

NO. 16CV-16- _1786_____        This summons is for Mary D. Huntsman-Hartfield

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____            SHERIFF OF _____ COUNTY, ARKANSAS

                                 By: _____
                                 [Signature of server]

                                 _____
                                 [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _5/05/16_____              By: _____
                                 [Signature of server]

                                 _____
                                 [Printed name]

Address: _Po Box 1426_____

        _Searcy Ar 72145_____

Phone: ___501-279-0007_____

Subscribed and sworn to before me this date: __5-5-16___

KATHIE C. KING-HEFLIN
MY COMMISSION # 12385736
EXPIRES: February 11, 2022
White County

                                 _____
                                 Notary Public

My commission expires: ___02-11-2022____

Additional information regarding service or attempted service:

_____

_____

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and through her Power of Attorney, Darrick Blair.          PLAINTIFF

vs.                              CASE NO. 16CV-16-1786

Highlands of Little Rock South Cumberland, LLC, et al.          DEFENDANTS

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

      Mary D. Huntsman-Hartfield
      Highlands of Little Rock South Cumberland
      1516 Cumberland Street
      Little Rock, AR 72202

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

      Jeff Priebe, James & Carter
      500 Broadway Suite 400, Little Rock, AR 72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices:   Plaintiff's First Set Of Interrogatories To Defendants and Plaintiff's First Set Of Requests For Production Of Documents To Defendants** must be answered within **forty-five (45) days** of service.   Responses should be served on counsel for Plaintiff.

Address of Clerk's Office:          LARRY CRANE, CIRCUIT CLERK

Pulaski County Circuit Clerk
100 Courthouse          _____
401 West Markham Street          Deputy Clerk of Court
Little Rock, AR 72201-2659
                          Date:_____

[SEAL]

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and through her Power of Attorney, Darrick Blair.                    **PLAINTIFF**

vs.                              CASE NO. 16CV-16-_____

Highlands of Little Rock South Cumberland, LLC, et al.                    **DEFENDANTS**

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

      Highlands of Arkansas, LLC
      The Corporation Company
      124 West Capitol Avenue, Suite 1900
      Little Rock, AR   72201

A lawsuit has been filed against you.   The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

      Jeff Priebe, James & Carter
      500 Broadway Suite 400, Little Rock, AR   72201

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices:   Plaintiff's First Set Of Interrogatories To Defendants and Plaintiff's First Set Of Requests For Production Of Documents To Defendants** must be answered within **forty-five (45) days** of service.   Responses should be served on counsel for Plaintiff.

Address of Clerk's Office:        **LARRY CRANE, CIRCUIT CLERK**

Pulaski County Circuit Clerk
100 Courthouse               _____
401 West Markham Street      Deputy Clerk of Court
Little Rock, AR   72201-2659
                      Date:_____

[SEAL]

NO. 16CV-16-_____          This summons is for Highlands of Arkansas, LLC

# PROOF OF SERVICE

□ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

□ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

□ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

□ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the
summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

□ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

□ Other [specify]: _____

□ I was unable to execute service because: _____

_____

My fee is $ _____.

2

NO. 16CV-16-_____       This summons is for Highlands of Arkansas, LLC

**To be completed if service is by a sheriff or deputy sheriff:**


Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                             By: _____
                             [Signature of server]


                             _____
                             [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
                             [Signature of server]


                             _____
                             [Printed name]

Address: _____


_____

Phone: _____

Subscribed and sworn to before me this date: _____


                             _____
                             Notary Public


My commission expires: _____


Additional information regarding service or attempted service:


_____

_____

3



Arkansas Judiciary

**Case Title:**   SALLYE BLAIR VS HIGHLANDS OF LR S
                  CUMBERLAND ET,AL

**Case Number:**  60CV-16-1786

**Type:**         SUMMONS - FILER PREPARED

So Ordered

Timothy Bryant

Electronically signed by TLBRYANT on 2016-03-24 13:37:23    page 4 of 4

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and
through her Power of Attorney,
Darrick Blair,                                                                    PLAINTIFF

vs.                                        CASE NO. 60CV-16-1786

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants              DEFENDANTS

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff, Sallye Blair, by and through her Power of Attorney, Darrick Blair,

propounds the following First Set of Interrogatories to Defendants Highlands of Little

Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy

and Living Center; Highlands of Arkansas, LLC; Aria Health Group LLC; Aria Health

Consulting, LLC; and APH&R Nursing, LLC, to be answered in accordance with the

Arkansas Rules of Civil Procedure:

## DEFINITIONS AND INSTRUCTIONS:

1.      *"You or Your."* The terms "You" and "Your," as well as a party's full or

abbreviated name or pronoun referring to a party, mean the party and, where

applicable, its officers, directors, employees, partners, corporate parent, subsidiaries,

affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.      *"Person."* The term "person" is defined as any natural person or business, legal or governmental entity or association.

3.      *"Document."* The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

4.      *"Identify" (with respect to persons).*   When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

5.      *"Identify" (with respect to documents).*   When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

6.      *"Residency."* For purposes of these Interrogatories, "residency" is defined as the period during which Sallye Blair was a resident of Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center.

7.    *"Facility."*  For purposes of these Interrogatories, "facility" is defined as Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center.

**INTERROGATORY NO. 1:**  Please state the name, address, employer, and title of each person who contributed in any way to the gathering of the information upon which your answers to these interrogatories are based.

**INTERROGATORY NO. 2:**  For each person employed at the facility during the residency, and for the one month period prior to the residency, please state:

    (a)    His or her name, last known address, and telephone number;

    (b)    His or her title;

    (c)    The dates of employment;

    (d)    The reasons for termination, if applicable; and,

    (e)    Whether the person was the subject of any disciplinary action during his or her term of employment and, if so, the precise details thereof.

**INTERROGATORY NO. 3:**  Please state the name, address and title of each person whom you know, or have reason to believe, has any information or knowledge regarding the residency of Sallye Blair at the facility and/or the facts alleged in Plaintiff's Complaint.

**INTERROGATORY NO. 4:**  Please state the name, employer, address, and telephone number of each person you may call as a witness in this case, the subject matter to which each person will testify, and the substance of the facts to which each person will testify.

**INTERROGATORY NO. 5:**   Identify each person you may call as an expert witness at trial of this case and with respect to each such person:

(a)   State separately for each expert his or her educational background, including all educational institutions attended, dates of attendance, and degrees, if any received;

(b)   State separately for each expert any other specialized training in his or her field, including the type of training received, the institution at which the training was received, and the dates of the training;

(c)   Identify separately for each expert each professional, trade, academic, or other organization of which he or she is a member, including in your response the name of the organization, the dates of membership, and a description of each office held;

(d)   Identify separately each book, paper, article, or other writing or publication of each expert, including title and subject matter, name and address of publisher, date of publication, and co-authors, if any;

(e)   State separately for each expert each job held by each expert for the past ten (10) years including name and address of employer, dates of employment, and description of position held;

(f)   State separately for each expert any other experience had that is relevant in any manner to his or her expected testimony in the cause;

(g)   State separately for each expert the subject matter of his or her expected testimony;

(h)   State separately and in detail for each expert the substance of all facts about which the expert is expected to testify;

(i)   State separately and in detail for each expert the substance of all opinions about which each expert is expected to testify;

(j)   State separately and in detail for each expert the substance of the grounds for each opinion by each expert and state in detail the substance of all facts upon which any opinions are based;

(k)   Identify separately for each expert all documents he or she has been shown, had summarized, or otherwise had made available for review in connection with his or her testimony in this matter;

(l)     Identify separately for each expert all depositions, pleadings, or other records of any court or administrative proceeding that have been made available for review in connection with his or her testimony in this proceeding;

(m)    Identify separately for each expert anything else shown to or reviewed by each expert in connection with his or her expected testimony in this action;

(n)    Identify separately for each expert all work papers, whether preliminary or final, prepared by or for each expert in connection with his or her expected testimony in this litigation;

(o)    Identify separately for each such expert all reports, including all drafts prepared by or for each expert in connection with his or her expected testimony in this action and state the name and present location of the person with custody of each report or draft;

(p)    State separately for each expert all instructions given by the defendant or defendants' agents in connection with the expert's expected testimony in this action;

(q)    Identify separately for each expert all persons with whom each expert spoke regarding his expected testimony in this action and state the substance of those discussions;

(r)    Identify separately for each expert all persons assisting each expert in any manner in the preparation of his or her expected testimony in this action, including the name and address of each such person who gave assistance, the type of assistance given, and the dates during which the assistance was given;

(s)    Identify separately for each expert anyone else with whom each expert has spoken regarding his or her expected testimony in this action;

(t)    State separately as to each expert the compensation already paid; and

(u)    State separately as to each expert the compensation yet to be paid, the times when payment will become due, and any conditions that each expert must meet in order to secure compensation.

**INTERROGATORY NO. 6:** Please state the name and address of each person with whom you have consulted whose report or opinions will be relied upon in whole or in part by a testifying expert in this case.

**INTERROGATORY NO. 7**:   Please identify each person or company that operated and/or managed and/or provided administrative and/or back office services to the facility during the residency, and for one year prior to the residency.  For each person or company, please identify the applicable time periods.

**INTERROGATORY NO. 8:**   Please list and describe in detail each item of evidence that you plan to offer at trial, including, but not limited to, those that you plan to or will use in the direct examination and cross-examination of witnesses.

**INTERROGATORY NO. 9:**   Please identify **all** insurance policies, primary, excess and/or umbrella policies, affording potential coverage for the claims alleged in Plaintiff's Complaint against all Defendants.  For each policy, state the following:

(a)     The name of the insurance carrier;

(b)     The named insured as shown on the policy;

(c)     Coverage limits per person, per occurrence and aggregated limits;

(d)     Whether the policy is an occurrence or claims made policy; and,

(e)     Whether any insurance carrier has denied coverage or is defending under a reservation of rights.

**INTERROGATORY NO. 10:** Please state each date during the residency, and during the periods one year prior to the residency and six months following the residency, that the facility failed to have the minimum level of staff working in the facility as required by the Arkansas Office of Long Term Care Provider Manual.

**INTERROGATORY NO. 11**: Please identify the name, last known address and telephone number, as well as dates of service, of every Administrator and Business

Office Manager employed at the facility during the residency, and during the period one year prior to the residency.

**INTERROGATORY NO: 12:**  Please state the name, last known address and telephone number, as well as dates of service, of every Director of Nursing, Assistant Director of Nursing and Treatment Nurse employed at the facility during the residency, and during the period one year prior to the residency.

**INTERROGATORY NO. 13:**  Please state the name, last known address and telephone number, as well as dates of service, of every Medical Director employed at the facility during the residency.

**INTERROGATORY NO. 14:**  Please identify each consultant utilized by the facility during the residency, and for the period six months prior to the residency, including but not limited to dietary consultant, medical records consultant, physical therapy consultant, nursing consultant, or pharmacy consultant.

**INTERROGATORY NO. 15:**  Please list the date and substance of any investigation which Defendants know or believe was conducted by any governmental agency concerning Sallye Blair, including, but not limited to, the Arkansas Office of Long Term Care, Arkansas Department of Health, the Arkansas Attorney General's Office, or any law enforcement offices, as well as the name and address of the agency that conducted the investigation.

**INTERROGATORY NO. 16:**  Please state whether Defendant had a system to record consumer, resident or employee suggestions or complaints (i.e., suggestion box, 800 number, etc.) regarding the facility during the residency, and for one year prior to the residency.  If so, please state the names and types of records of suggestions or

complaints that exist; the person(s) primarily responsible for suggestions or complaints; and the name and business address of the records custodian who maintains these records.

**INTERROGATORY NO. 17:** Please state the name, address and telephone number of all corporations, associations, entities or persons who have an ownership, membership or financial interest in the Corporate Defendants during the residency, and for the period one year prior to the residency and to date.

**INTERROGATORY NO. 18:** State the names of all licensees of the facility during the residency, and for the period one year prior to the residency. Please list the dates each person or entity was a licensee.

**INTERROGATORY NO. 19:** Identify the landlord and/or owner of the building and/or property where the facility was situated during the residency, and for the period one year prior to the residency. Please list the dates each person or entity was an owner.

**INTERROGATORY NO. 20:** Please identify all records known to you which pertain in any way to Sallye Blair's residency at the facility and state the name, title, and business address of the custodian of each record.

**INTERROGATORY NO. 21:** Are you aware of any care, services or treatment provided to Sallye Blair at the facility that are not documented in the facility chart? If so, please state:

    (a)    a description of the service, care or treatment provided;

    (b)    the date on which the service, care or treatment was provided;

(c)     the name and position of the person who provided the care, service or treatment; and,

(d)     the location of any documentation regarding the care, service or treatment provided.

**INTERROGATORY NO. 22**:  Please identify each employment agency utilized by the facility during the residency, and for the period one year prior to the residency, for any employment needs, including but not limited to, nursing, dietary, housekeeping or administration.  Further, please state the date(s) each agency was utilized.

**INTERROGATORY NO. 23:**   Do you claim that Plaintiff, or any other person or entity was at fault, negligent, or comparatively negligent, in whole or in part, for the claims asserted against you in this lawsuit?  If your answer is "Yes", please describe in detail each act or omission on the part of the plaintiff, or any other person or entity that you contend constituted negligence or fault or caused in whole or in part Plaintiff's injuries.

**INTERROGATORY NO. 24:**  Please identify any website utilized by Defendants for marketing, advertising, providing information to the public, communicating with the public, etc., during the residency of Sallye Blair and to the present.

**INTERROGATORY NO. 25:**  Do you or your attorneys have in your possession, custody or control any statement of any person (including any plaintiff) concerning the facts surrounding this controversy including any written statements, signed or otherwise, adopted or proved by such person or any stenographic, mechanical, electrical, or other recording or any transcript thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously reported?  If so, please state the following:

(a)     The name, address, and phone number of the person from whom it was obtained;

(b)     The date it was obtained;

(c)     The title and position of the person who obtained it;

(d)     Where it was obtained; and,

(e)     Is the statement signed by the person giving the statement?  If it was not signed, please state how the statement is connected with the person purportedly giving the statement.   For example, telephone-recorded conversation, etc.

**INTERROGATORY NO. 26:**   Please state whether an electronic mail system was utilized by the Defendants for communicating with and disseminating information between employees, residents, family members, vendors, contractors, management/administrative services providers, medical directors, physicians, etc., during the residency of Sallye Blair.  If so, please identify the domain name.

**INTERROGATORY NO. 27:**   Please identify any corporation and/or individual responsible for the oversight of data storage, electronic mail systems, electronic medical records, network services, etc., for the facility during the residency of Sallye Blair, and to the present date.

**INTERROGATORY NO. 28:**   Please identify all vendors/contractors who provided services to the Defendants and/or facility during the residency of Sallye Blair. Please state the nature of the services provided, dates of services provided, amount of compensation for services provided and the duration of the services provided.

**INTERROGATORY NO. 29:**   Please list and describe in detail each and every document, item or thing which supports any defense upon which you intend to rely at the trial of this matter.

**INTERROGATORY NO. 30:**   Please list and describe in detail each and every document, item or thing which supports any defense upon which you intend to rely at the trial of this matter.

**INTERROGATORY NO. 31:**   Please state each date that the facility was inspected by persons with the federal, state, and/or local government including the name of the governmental entity.

**INTERROGATORY NO. 32:** For the residency period, please state the email address of all persons employed by Defendants that have an email address that is utilized in their job.

**INTERROGATORY NO. 33:** Do you contend that you are not liable to the resident for the injuries referenced and the claims raised in Plaintiff's Complaint?   If yes, fully describe all facts supporting this contention in this regard.

**INTERROGATORY NO. 34:** Do you contend that either a co-defendant and/or a non-defendant third party bears any fault whatsoever for the injuries referenced and the claims raised in Plaintiff's Complaint?  If so, identify all such co-defendants and/or non-defendant third parties and fully describe all facts supporting your contention in this regard.

**INTERROGATORY NO. 35:** State the identifying code that applies to the resident for purposes of the Defendants' electronic record system.

**INTERROGATORY NO. 36:** Are Defendants self-insured for the claims asserted by Plaintiff in this matter?

**INTERROGATORY NO. 37:** Does any Defendant have a self-insured retention (SIR) that makes up any portion of Defendants' insurance coverage for the claims asserted by Plaintiff in this matter?  If yes, state:

    a. The name of the Defendant who funds or funded the SIR;

    b. The amount of SIR funds that are applicable to Defendants' coverage for this matter; and,

    c. Whether Defendants' SIR funds are or will be used to cover any portion of the costs of defending this matter.

**INTERROGATORY NO. 38:** Did Defendants conduct any video surveillance of the facility during the residency?  If yes, state:

    a. Whether any such videos depict the resident;

    b. Whether Defendants intend to utilize any such videos at the trial of this case; and,

    c. The current whereabouts of all such videos.

**INTERROGATORY NO. 39:** For each individual who served as the facility's regional director of operations during the residency, state:

    a. Name;

    b. Job title;

    c. Employer; and,

    d. Whether currently employed by any Defendant.

**INTERROGATORY NO. 40:** State the name and job title of each individual who played any role in drafting and/or approving the budgets in effect at the facility during the fiscal years during which the residency occurred.

**INTERROGATORY NO. 41:** Did any entity, other than the licensee, receive a percentage of facility-generated revenues pursuant to a contract, agreement and/or ownership interest? If yes, state:

   a. The name of all entities involved; and,

   b. A full description of the terms of the contract, agreement and/or ownership interest.

**INTERROGATORY NO. 42:** Was the facility part of an area, region and/or division along with other of the Defendants' facilities during the residency? If yes, state the name of each such area, region and/or division to which the facility belonged.

**INTERROGATORY NO. 43:** State the full legal name and address for the owner of the real property in which the facility operated during the residency.

**INTERROGATORY NO. 44:** Does any Defendant have any ownership interest, whether direct or indirect, in the entity that was the owner of the real property in which the facility operated during the residency? If yes, describe in detail the nature of the ownership interest(s).

**INTERROGATORY NO. 45:** Was any Defendant a party to any revolving loan agreements during the residency? If yes, for each such loan agreement, state the following:

   a. The name of the Defendant(s) who were parties to the agreement;

   b. The lender's full legal name;

   c. The lender's address;

   d. The lender's file number(s) for the loan agreement(s); and,

   e. The effective dates of the loan agreement.

**INTERROGATORY NO. 46:** Were there any mortgages, loan agreements, financing agreements or other agreements or contracts in effect during the residency pursuant to which the facility's financial performance was reported, either individually or in the aggregate, to any non-Defendant entity?  If yes, state the following:

    a.   The name of the agreement pursuant to which the information was reported

    b.   The name and address of the non-Defendant entity(s) to whom the information was reported.

**INTERROGATORY NO. 47:** Were there any mortgages, loan agreements, financing agreements or other agreements or contracts in effect during the residency pursuant to which the facility's survey performance was reported, either individually or in the aggregate, to any non-Defendant entity?  If yes, state the following:

    a.   The name of the agreement pursuant to which the information was reported;

    b.   The name and address of the non-Defendant entity(s) to whom the information was reported.

**INTERROGATORY NO. 48:** Were there any mortgages, loan agreements, financing agreements or other agreements or contracts in effect during the residency pursuant to which the facility's residents' clinical condition was reported, either individually or in the aggregate, to any non-Defendant entity?  If yes, state the following:

    a.   The name of the agreement pursuant to which the information was reported;

    b.   The name and address of the non-Defendant entity(s) to whom the information was reported.

**INTERROGATORY NO. 49:** Identify the person(s) most knowledgeable about Defendant(s)' Electronically Stored Information ("ESI"), including e-mails, and the information sought in Plaintiff's Request for Production of Documents relating to ESI, and if applicable, the person's official position and relationship to Defendant(s).

**INTERROGATORY NO. 50:** Describe the retention policies, procedures, and practices for ESI, including, but not limited to whether e-mails are routinely deleted, if and when e-mails are backed-up, and where and for how long, ESI created by former employees is stored.

Respectfully submitted,

Sallye Blair, by and through her
Power of Attorney, Darrick Blair

By:   /s/ Jeff Priebe
      Jeff R. Priebe (AR 2001124)
      jpriebe@jamescarterlaw.com
      James & Carter, PLC
      500 Broadway, Suite 400
      Little Rock, AR 72201
      Tel 501.372.1414; Fax 501.372.1659

      – and –

      Robert H. Edwards (AR 99010)
      The Edwards Firm, PLLC
      711 West Third Street
      Little Rock, AR 72201
      Tel 501.372.1329; Fax 501.372.1336
      bob@bobedwardslaw.com

      Attorneys for Plaintiff

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair , by and
through her Power of Attorney,
Darrick Blair,                                                                    PLAINTIFF

vs.                                          CASE NO. 60CV-16-1786

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants            DEFENDANTS

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO SEPARATE CORPORATE DEFENDANTS

Plaintiff, Sallye Blair, by and through her Power of Attorney, Darrick Blair,

propounds the following First Set of Requests for Production of Documents to

Defendants, Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little

Rock at Cumberland Therapy and Living Center; Highlands of Arkansas, LLC; Aria

Health Group LLC; Aria Health Consulting, LLC; and APH&R Nursing, LLC, to be

answered in accordance with the Arkansas Rules of Civil Procedure:

### DEFINITIONS AND INSTRUCTIONS:

1.      *"You or Your."*   The terms "You" and "Your," as well as a party's full or

abbreviated name or pronoun referring to a party, mean the party and, where

applicable, its officers, directors, employees, partners, corporate parent, subsidiaries,

affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2.    *"Person."*   The term "person" is defined as any natural person or business, legal or governmental entity or association.

3.    *"Document."*   The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

4.    *"Residency."*   For purposes of these Requests, "residency" is defined as the period during which Sallye Blair was a resident of Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center.

5.    *"Facility."*   For purposes of these Requests, "facility" is defined as Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center.

**REQUEST TO PRODUCE NO. 1:**   Please produce a Bates-stamped copy of the complete original chart for Sallye Blair at the facility, including but not limited to the following:

(a)    Admission and Discharge documents;

(b)    Resident Assessments Protocols (RAPs);

(c)     Minimum Data Sets (MDS);

(d)     Care Plans;

(e)     Physician's Notes;

(f)     Physician's Orders;

(g)     Nursing Notes;

(h)     Medication Administration Records (MARs);

(i)     Treatment Records;

(j)     CNA Flowsheets;

(k)     Activities for Daily Living (ADLs);

(l)     Social Service Notes;

(m)     Advance Directives, including Acknowledgement of Resident's Rights, Living Will, Do Not Resuscitate Orders (DNR), Consent Forms;

(n)     Diagnosis, including EKG's, x-rays, laboratory studies or other tests performed during the residency;

(o)     Nutritional Notes;

(p)     Rehabilitation Notes;

(q)     Miscellaneous Assessments, including behavior monitors, pressure sore risk assessments and bowel and bladder assessments;

(r)     Incident/Accident Reports;

(s)     Entire Administrative and Billing file; and

(t)     Any records that are created by use of an electronic system or are considered electronic records.

**REQUEST TO PRODUCE NO. 2:**   Please produce all body/skin audits performed on Sallye Blair at the facility, including any reference to:

(a)    The area of the body that was affected;

(b)    The determination of the skin audit and/or examination;

(c)    The regimen followed to correct the problem; and,

(d)    The final outcome of the affected area or body part.

**REQUEST TO PRODUCE NO. 3:**  Please produce all reports, correspondence, memorandums and/or any other form of communication not included as a part of the "normal" facility chart used to memorialize the care and treatment rendered to Sallye Blair at the facility during the residency.

**REQUEST TO PRODUCE NO. 4:**   Please produce all documentation by the facility's caregivers used to communicate regarding the care or treatment of residents that references or concerns Sallye Blair.

**REQUEST TO PRODUCE NO. 5:**   Please produce all documents, e-mails, memoranda, notes, or documents of any kind that were provided to Sallye Blair's physician(s) (including the office, staff, and others working for or with the physician) or that memorialize any notification regarding Sallye Blair to her physician(s).

**REQUEST TO PRODUCE NO. 6:**   Please produce all incident and/or accident reports generated at the facility, both internal reports, and accompanying documents) and reports as required to be kept by the Arkansas Office of Long Term Care Provider Manual, during the residency of Sallye Blair, and during the one year period prior to the residency of Sallye Blair, for all residents, including Sallye Blair.

**REQUEST TO PRODUCE NO. 7:**   Please produce all documentation (including email communications, pictures, statements, and notes) reflecting any investigations conducted by the facility and local, state or federal agencies concerning Sallye Blair.

**REQUEST TO PRODUCE NO. 8:**   Please produce color copies of all photographs taken by Defendant of Sallye Blair during the residency.

**REQUEST TO PRODUCE NO. 9:**   Please produce all complaints or incident investigations that relate to Sallye Blair undertaken by you or at your request **prior to receiving formal notice of this lawsuit.**

**REQUEST TO PRODUCE NO. 10:**   Please produce complete and itemized bills for all services, medical supplies, pharmaceutical supplies, therapies, or any other goods or services for which the facility charged Sallye Blair or any third party payer on behalf of Sallye Blair while she was a resident at the facility, including, but not limited to:

(a)   All bills or statements submitted to Medicaid or Medicare, or any fiscal intermediary for Medicaid or Medicare, for supplies, therapies, or other ancillary charges covering care, supplies, equipment, or other ancillary charges for Sallye Blair;

(b)   All bills or statements submitted to Sallye Blair, her power of attorney, guardian, or family for room and board, services, supplies, equipment, or other items provided to Sallye Blair, including co-payments or deductibles, by the facility;

(c)   All revenue reports and/or remittance advisories that reflect reimbursement made by Medicare, Medicaid, private insurance, or any individual for room and board, services, supplies, equipment, or other items provided by the facility; and

(d)   All statements, lists, or reconciliations of trust accounts reflecting funds received from Sallye Blair's power of attorney, guardian, or family or held in trust for the benefit of Sallye Blair.

**REQUEST TO PRODUCE NO. 11:** Please produce all budget and financial documents prepared for the purpose of operating the facility during the year(s) of the residency, and for one year prior to the residency.

**REQUEST TO PRODUCE NO. 12:** Please produce all cost reports prepared for the purpose of operating the facility during the year(s) of the residency, and for one year prior to the residency.

**REQUEST TO PRODUCE NO. 13:** Please produce all insurance policies that were in effect during the residency, including primary, umbrella, and excess that covered Defendants, employees, agents, officers and/or consultants of the facility.

**REQUEST TO PRODUCE NO. 14:** Please produce the floor plan of the facility that reflects the facility during the residency.

**REQUEST TO PRODUCE NO. 15:** Please produce a copy of the organizational charts and/or corporate structures of Defendants effective during the residency, and for one year prior to the residency.

**REQUEST TO PRODUCE NO. 16:** Please produce all Policy and Procedures Manuals in effect for the facility during the residency, including but not limited to:

(a)    Management;

(b)    Nursing;

(c)    Wound care;

(d)    Falls;

(e)    CNA policies and training;

(f)    infections;

(g)   infection prevention;

(h)   Social Services;

(i)   Activities;

(j)   Administrative;

(k)   Personnel;

(l)   Food Services;

(m)   Restorative and/or Maintaining Function;

(n)   Pain Management;

(o)   Hygiene and Sanitary Care; and

(p)   Medication Administration.

**REQUEST TO PRODUCE NO. 17:**  Please produce all documentation from in-service training sessions held at the facility during the residency, and during the periods one year prior to the residency and six months following the residency, including:

(a) Dates of the sessions;

(b) Names of those in attendance;

(c) The person(s) conducting the sessions; and,

(d) The subject(s) addressed during the sessions.

**REQUEST TO PRODUCE NO. 18:**    Please produce all guidelines, criteria and/or procedure manuals for the Medical Director of the facility in effect during the residency.

**REQUEST TO PRODUCE NO. 19:**    Please produce all guidelines, criteria and/or procedure manuals for the Administrator and Business Office Manager of the facility in effect during the residency.

**REQUEST TO PRODUCE NO. 20:**    Please produce all guidelines, criteria and/or procedure manuals for the Director of Nursing, Assistant Director of Nursing, and the Treatment Nurse of the facility in effect during the residency.

**REQUEST TO PRODUCE NO. 21:**    Please produce all written job descriptions for all employees of the facility including but not limited to, the Medical Director, Administrator, Business Office Manager, Director of Nursing, Assistant Director of Nursing, Treatment Nurse, Licensed Practical Nurse and Certified Nursing Assistant of the facility in effect during the residency.

**REQUEST TO PRODUCE NO. 22:**   Please produce all written guidelines, forms and/or procedures for evaluating the job performances of the Administrator and Business Office Manager at the facility in effect during the residency, and for the period one year prior to the residency.

**REQUEST TO PRODUCE NO. 23:**   Please produce all written guidelines, forms and/or procedures for evaluating the job performances of the Director of Nursing, Assistant Director of Nursing, Treatment Nurse, and all other nursing personnel, including registered nurses, licensed practical nurses, nurse assistants, medication aides, and orderlies at the facility in effect during the residency, and for the period one year prior to the residency.

**REQUEST TO PRODUCE NO. 24:**   Please produce all contracts between the facility's Administrator(s) and Defendants effective during the residency.

**REQUEST TO PRODUCE NO. 25:**   Please produce copies of all incentive/bonus programs in place at the facility during the residency of Sallye Blair.

**REQUEST TO PRODUCE NO. 26:**   Please produce all contracts between the facility's Medical Director(s) and Defendants effective during the residency.

**REQUEST TO PRODUCE NO. 27:**   Please produce all contracts related to management and/or administrative and/or back office services provided to the facility during the residency, and for the one year period prior to the residency.

**REQUEST TO PRODUCE NO. 28:**   Please produce all contracts with consultants or medical doctors (other than the Medical Director) who provided care or services to the facility during the residency.

**REQUEST TO PRODUCE NO. 29:**   Please produce all provider agreements between Defendants and the State of Arkansas, and Defendants and the federal government which were in place during the residency, and for the one year period prior to the residency.

**REQUEST TO PRODUCE NO. 30:** Please produce all documents, reports, correspondence, e-mails or other writings generated by or on behalf of any management/ administrative services company or consultant to the facility concerning the care and treatment of residents during the residency, and during the periods one year prior to the residency and six months following the residency.

**REQUEST TO PRODUCE NO. 31:**   Please produce all documentation (i.e., correspondence, e-mails, document or form) from any licensing body, including local, federal and state agencies, that lists deficiencies in the maintenance or operation of the facility during the residency, and during the periods one year prior to the residency and six months following the residency.

**REQUEST TO PRODUCE NO. 32:**  Please produce all resident council minutes for meetings that took place at the facility during the residency, and during the periods one year prior to the residency and six months following the residency.

**REQUEST TO PRODUCE NO. 33:**     Please produce all family council minutes for meetings that took place at the facility during the residency, and during the periods one year prior to the residency and six months following the residency.

**REQUEST TO PRODUCE NO. 34:**     Please produce all **internal staffing calculation documents**, other than the Minimum Staffing Report Form, for the facility applicable to the residency, and during the periods one year prior to the residency and six months following the residency.

**REQUEST TO PRODUCE NO. 35:**  Please produce all daily census reports and/or records with resident acuity information for the facility applicable to the residency, and during the periods one year prior to the residency and six months following the residency.

**REQUEST TO PRODUCE NO. 36:** Please produce all weekly work schedules, employee sign-in sheets, payroll records and timecards and/or timesheets showing the identity, number (quantity), or classification (e.g. LPN, R.N., Nurse Aide, etc.) of all

nursing personnel, (including nurses, nurses' aides, medication aides and orderlies) who worked on each unit or wing in the facility during the residency, and for six months prior to the residency.

**REQUEST TO PRODUCE NO. 37:**   Please produce all CNA work/wing assignments for the facility during the residency, and for six months prior to the residency.

**REQUEST TO PRODUCE NO. 38:**   Please produce all shift change reports, daily reports, 24 hour reports and/or stand-up meeting reports for the facility during the residency, and for six months prior to the residency.

**REQUEST TO PRODUCE NO. 39:**   Please produce copies of the following documentation regarding every person employed at the facility during Sallye Blair's residency, including but not limited to:

     (a)     Applications for employment;

     (b)     Employment verification information;

     (c)     Criminal background information;

     (d)     Licensing certification information;

     (e)     Disciplinary information including reprimands and complaints by third parties and counseling statements;

     (f)     Documents addressing any complaints registered by the employee;

     (g)     Performance evaluations;

     (h)     W-2s;

     (i)     Exit interviews; and

     (j)     Termination letters.

**REQUEST TO PRODUCE NO. 40:**  Please produce a list of all employees who have either been suspended, terminated and/or discharged as a result of improper care or treatment of the residents at the facility during the residency of Sallye Blair, including reference to:

    (a)    The date(s) of the incident;

    (b)    Any written complaints made in reference to the employee in question;

    (c)    All documents produced as a result of the incidents and/ or complaints;

    (d)    Whether physical or verbal abuse was involved, and if so, the date the incident was reported to the proper authorities; and

    (e)    The findings of all investigations, hearings, or meetings with regard to the incidents.

**REQUEST TO PRODUCE NO. 41:**  Please produce documents addressing or memorializing all suggestions or complaints registered by employees who worked at the facility during the residency, and during the periods six months prior to the residency and three months following the residency.

**REQUEST TO PRODUCE NO. 42:**  Please produce documents addressing or memorializing all suggestions or complaints conveyed (via suggestion box, 800 number, etc.) at the facility during the residency, and during the periods six months prior to the residency and three months following the residency, by anyone other than facility employees (i.e., residents, family members of residents, visitors, etc.)

**REQUEST TO PRODUCE NO. 43:**  Please produce all internal memoranda, e-mails, or any other documents that reflect discussions of staffing issues at the facility during the residency, and for one year prior to the residency.

**REQUEST TO PRODUCE NO. 44:** Please produce all documentation regarding any personnel agency staff utilized during the residency, including, but not limited to:

    (a) Invoices for services rendered;

    (b) Schedules that reflect the use of agency staff; and,

    (c) Classification of nursing personnel utilized (i.e., RNs, LPNs, CNAs)

**REQUEST TO PRODUCE NO. 45:** Please produce all reports or documents that reflect personnel turnover that occurred at the facility during the residency, and during the periods six months prior to the residency and three months following the residency.

**REQUEST TO PRODUCE NO. 46:** Please produce all payroll journals for the facility during the residency.

**REQUEST TO PRODUCE NO. 47:** Please produce all documents that reflect or relate to drafting, implementing and/or maintaining the budget at the facility, including but not limited to, inter-company memoranda, correspondence, handwritten notes and e-mails during the residency, and for the periods one year prior to the residency and one year following the residency.

**REQUEST TO PRODUCE NO. 48:** Please produce all documents received from or provided to the Arkansas Office of Long Term Care, the Arkansas Department of Health, the Arkansas Attorney General's Office and any other local, state, or federal governmental agency regarding Sallye Blair.

**REQUEST TO PRODUCE NO. 49:** Please produce all documentation from any division or bureau of or any local, state, or federal governmental entity which sets forth

findings, conclusions, violations, deficiencies, penalties, actions and recommended sanctions regarding the facility at any time during the residency, and during the periods one year prior to the residency and three months following the residency.

**REQUEST TO PRODUCE NO. 50:**   Please produce all documentation and/or reports from any consultant or management personnel hired to evaluate the adequacy of care rendered to residents at the facility at any time during the residency, and during the periods one year prior to the residency and three months following the residency.

**REQUEST TO PRODUCE NO. 51:**   Please produce all licenses issued by any state agency to operate the facility that were in effect during the residency.

**REQUEST TO PRODUCE NO. 52:**   Please produce copies of all logs and reports regarding Sallye Blair used to document the destruction or surrendering for destruction of narcotics by the facility during the residency.

**REQUEST TO PRODUCE NO. 53:**   Please produce copies of all logs and reports used to document the dispensing of narcotics to Sallye Blair by the facility during the residency.

**REQUEST TO PRODUCE NO. 54:**   Please produce copies of all recordings, whether audio or video, of exit interviews or other meetings between representatives of the facility and surveyors or representatives of the Arkansas Office of Long Term Care, created during the residency, and during the periods one year prior to the residency and three months following the residency.

**REQUEST TO PRODUCE NO. 63:**   Please produce all documents (i.e., budget fluctuation reports) that compare the facility's budgeted financial performance to its actual financial performance, pertaining to periods of time during which any portion of the residency occurred.

**REQUEST TO PRODUCE NO. 64:**   Please produce the provider agreement between the facility and:

   a. The State of Arkansas; and,

   b. The Centers for Medicare and Medicaid Services (CMS).

**REQUEST TO PRODUCE NO. 65:**   Please produce all meeting minutes for the board of directors of each Defendant, limited to meetings that occurred during the residency and for six months prior and three months after the residency.

**REQUEST TO PRODUCE NO. 66:**   Please produce all lease agreements that relate in any way to the facility and which were in effect during the residency.

**REQUEST TO PRODUCE NO. 67:**   Please produce all loan agreements that relate in any way to the facility and which were in effect during the residency.

**REQUEST TO PRODUCE NO. 68:**   Please produce all agreements and contracts pursuant to which the facility's accounts receivable and/or revenue were pledged during the residency.

**REQUEST TO PRODUCE NO. 69:**   Please produce a complete copy of all mortgages, loan agreements, financing agreements or other agreements or contracts in effect during the residency and pursuant to which any of the following information was reported, either individually or in the aggregate, to any non-Defendant entities:

a.  The facility's financial performance;

b.  The facility's survey performance; and,

c.  The facility's residents' clinical condition.

**REQUEST TO PRODUCE NO. 70:**   Please produce all Audited and Unaudited financial statements for each Defendant during the residency and for one year prior and one year after the residency.

Respectfully submitted,

Sallye Blair, by and through her
Power of Attorney, Darrick Blair

By:  /s/ Jeff Priebe
    Jeff R. Priebe (AR 2001124)
    jpriebe@jamescarterlaw.com
    James & Carter, PLC
    500 Broadway, Suite 400
    Little Rock, AR 72201
    Tel 501.372.1414; Fax 501.372.1659

    – and –

    Robert H. Edwards (AR 99010)
    The Edwards Firm, PLLC
    711 West Third Street
    Little Rock, AR 72201
    Tel 501.372.1329; Fax 501.372.1336
    bob@bobedwardslaw.com

    Attorneys for Plaintiff