ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Mar-24 13:19:07
60CV-16-1786
C06D06 : 27 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
CIVIL DIVISION

Sallye Blair, by and
through her Power of Attorney, Darrick Blair,                    PLAINTIFF

vs.                          CASE NO. 60CV-16-_____

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Aria Health Group LLC;
Aria Health Consulting, LLC; APH&R Nursing, LLC;
and Mary D. Huntsman-Hartfield, in her capacity as Administrator
of Highlands of Little Rock at Cumberland Therapy and Living Center;
and John Does 1 through 5, Unknown Defendants          DEFENDANTS

## COMPLAINT

Comes now Plaintiff, Sallye Blair, by and through her Power of Attorney, Darrick

Blair, and for her cause of action against Defendants, Highlands of Little Rock South

Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living

Center; Highlands of Arkansas, LLC; Aria Health Group LLC; Aria Health Consulting,

LLC; APH&R Nursing, LLC; Mary D. Huntsman-Hartfield, in her capacity as

Administrator of Highlands of Little Rock at Cumberland Therapy and Living Center; and

John Does 1 through 5, Unknown Defendants, states:

### JURISDICTIONAL STATEMENT

1.      Darrick Blair is the Power of Attorney of Sallye Blair, pursuant to a Power

of Attorney attached hereto as **Exhibit A**.  Darrick Blair claims damages arising out of

Sallye Blair's care and treatment that occurred at Highlands of Little Rock South

Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living

Center.

**EXHIBIT**

1

2.     Darrick Blair is the son of Sallye Blair and is a resident of Little Rock, Pulaski County, Arkansas.

3.     Upon information and belief, Sallye Blair, a resident of Pulaski County, Arkansas, was admitted on April 16, 2015, to Cumberland Health and Rehabilitation Center, located at 1516 Cumberland St., Little Rock, Pulaski County, Arkansas.  On May 1, 2015, ownership of Cumberland Health and Rehabilitation Center changed from APH&R Nursing, LLC to Highlands of Little Rock South Cumberland, LLC and the facility name changed to Highlands of Little Rock at Cumberland Therapy and Living Center.  Except for hospitalizations, Sallye Blair remained a resident at Highlands of Little Rock at Cumberland Therapy and Living Center until September 9, 2015, when she was transferred to UAMS.

4.     Defendant Highlands of Little Rock South Cumberland, LLC, a foreign limited liability company authorized to do business in the State of Arkansas, is engaged in the business of for-profit custodial care of elderly individuals who are chronically infirm, mentally impaired and/or in need of nursing care and treatment.  Upon information and belief, beginning May 1, 2015, at all times thereafter, Defendant Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center held the license for the facility located at 1516 Cumberland St., Little Rock, Pulaski County, Arkansas. The causes of action made the basis of this suit arise out of such business conducted by Defendant Highlands of Little Rock South Cumberland, LLC in the ownership, operation, management, licensing and/or control of the facility during the residency of Sallye Blair.  The registered agent for service of process of Defendant Highlands of Little Rock South Cumberland, LLC is

The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

5.     Upon information and belief, Defendant Highlands of Arkansas, LLC, a foreign limited liability company, is authorized to do business in the State of Arkansas, and is the 100% owner of Highlands of Little Rock South Cumberland, LLC.  Upon information and belief, beginning May 1, 2015, at all times thereafter, Defendant Highlands of Arkansas, LLC operated, managed, controlled, or had the right to control, and/or provided services, for Highlands of Little Rock South Cumberland, LLC during the residency of Sallye Blair.  The registered agent for service of process of Defendant Highlands of Arkansas, LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas  72201.

6.     Defendant Aria Health Group LLC, a foreign limited liability company, is authorized to do business in the State of Arkansas.  Upon information and belief, beginning May 1, 2015, at all times thereafter, Defendant Aria Health Group LLC operated, managed, controlled, or had the right to control, and/or provided services, including consultant services, to Highlands of Little Rock South Cumberland, LLC during the residency of Sallye Blair.  The agent for service of process of Defendant Aria Health Group LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas  72201.

7.     Defendant Aria Health Consulting, LLC, a foreign limited liability company, is authorized to do business in the State of Arkansas.  Upon information and belief, beginning May 1, 2015, at all times thereafter, Defendant Aria Health Group LLC operated, managed, controlled, or had the right to control, and/or provided services,

including consultant services, to Highlands of Little Rock South Cumberland, LLC during the residency of Sallye Blair.  The agent for service of process of Defendant Aria Health Group LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

8.     Defendant APH&R Nursing, LLC, is a foreign limited liability company with its principal office located at 1516 South Cumberland Street, Little Rock, Arkansas 72202.  APH&R Nursing, LLC is authorized to do business in the State of Arkansas and until May 1, 2015, was the "licensee" of Cumberland Health and Rehabilitation Center. Upon information and belief, since May 1, 2015 and at times relevant to this action, Defendant APH&R Nursing, LLC has been the landlord of Highlands of Little Rock at Cumberland Therapy and Living Center.  The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, licensing and/or control of Highlands of Little Rock at Cumberland Therapy and Living Center during the residency of Sallye Blair. The registered agent for service of process of Defendant APH&R Nursing, LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

9.     Upon information and belief, Defendant Mary D. Huntsman-Hartfield, a resident of the State of Arkansas, was Administrator of Highlands of Little Rock at Cumberland Therapy and Living Center at times during the residency of Sallye Blair. The causes of action made the basis of this suit arise in part out of Defendant Mary D. Huntsman-Hartfield's administration of the facility during the residency of Sallye Blair. Defendant Mary D. Huntsman-Hartfield may be served at her last known address.

10.     Defendants John Does 1 through 5 are entities and/or persons, either providing care and services to Sallye Blair, or affiliated with the named Defendants herein, and are directly or vicariously liable for the injuries of Sallye Blair.  Plaintiff is currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation.  Said Defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services provided to Sallye Blair during her residency at Highlands of Little Rock at Cumberland Therapy and Living Center.  Said Defendants are named pursuant to Ark. Code Ann. § 16-56-125, because at the time of filing this Complaint, Plaintiff is unaware of the exact identity of all tortfeasors.  See Affidavit, attached hereto as **Exhibit B**.

11.     Whenever the term "Highlands Defendants" is utilized within this suit, such term collectively refers to and includes Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center; Highlands of Arkansas, LLC; Aria Health Group LLC; Aria Health Consulting, LLC; APH&R Nursing, LLC; and John Does 1 through 5.

12.     Whenever the term "Administrator Defendant" is utilized within this suit, such term collectively refers to and includes Mary D. Huntsman-Hartfield.

13.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

14.     Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

15.    Upon information and belief, Sallye Blair was admitted on April 16, 2015, to Cumberland Health and Rehabilitation Center located at 1516 Cumberland St., Little Rock, Pulaski County, Arkansas.  On May 1, 2015, ownership of Cumberland Health and Rehabilitation Center changed from APH&R Nursing, LLC to Highlands of Little Rock South Cumberland, LLC and the facility name changed to Highlands of Little Rock at Cumberland Therapy and Living Center.  Except for hospitalizations, Sallye Blair remained a resident at Highlands of Little Rock at Cumberland Therapy and Living Center until September 9, 2015, when she was transferred to UAMS.

16.    Defendants were aware of the medical condition of Sallye Blair and the care she required when they represented that they could adequately care for her needs.

17.    42 C.F.R. § 483.75 provides that long-term care facilities "must be administered in a manner that enables it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, psychosocial well-being of each resident."  In furtherance of that objective, all long-term care facilities must "have a governing body, or designated persons functioning as a governing body, that is legally responsible for establishing and implementing policies regarding the management and operation of the facility."  42 C.F.R. § 483.75(d)(1).  The governing body has a legal duty to adopt effective patient care policies and administrative policies and by-laws governing the operation of the facility in accordance with legal requirements of state and federal law.  *See* Ark. Office of Long Term Care R. & Regs. § 301.1.

18.    Defendants are liable for all damages alleged in this matter in their capacity as the owners, operators, licensee(s) and/or managers of the facility during the residency of Sallye Blair.

19.    In an effort to ensure that Sallye Blair and other residents, whose care was partially funded by the government, were placed at Highlands of Little Rock at Cumberland Therapy and Living Center, Defendants held themselves out to the Arkansas Department of Human Services (DHS) and the public at large as being:

a)    Skilled in the performance of nursing, rehabilitative and other medical support services;

b)    Properly staffed, supervised and equipped to meet the total needs of their nursing home residents;

c)    Able to specifically meet the total nursing home, medical and physical therapy needs of Sallye Blair and other residents like her; and

d)    Licensed by DHS and complying on a continual basis with all rules, regulations and standards established for nursing homes.

20.    Defendants failed to discharge their obligations of care to Sallye Blair with a conscious disregard for her rights and safety.  At all times mentioned herein, Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Sallye Blair, as more fully set forth below.  Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of the facility, including Sallye Blair.  The severity of the recurrent negligence

inflicted upon Sallye Blair while under the care of the facility accelerated the deterioration of her health and physical condition and resulted in the physical and emotional injuries described below:

a)    Multiple medication errors;

b)    Infections, including UTIs;

c)    Significant weight loss;

d)    Malnutrition;

e)    Dehydration;

f)    Deterioration of Stage II sacral pressure ulcer to at least Stage III or Stage IV with the use of a wound vac;

g)    Inadequate pain management with extensive pressure ulcers;

h)    Poor hygiene; and

i)    Improper discharge from facility—without notice of discharge.

The above-identified injuries, as well as the conduct specified below, caused Sallye Blair to suffer loss of personal dignity, pain and suffering, hospitalizations, mental anguish, degradation, disability, and emotional distress.

21.    Defendants controlled, or had the right to control, the operation, planning, management and quality control of the facility.  The authority exercised over the nursing facility included, but was not limited to, budgeting, marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by the facility, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

22.    Upon information and belief, each of Highlands Defendants participated in, authorized, directed, had knowledge of, consented to, and/or acquiesced in the budgetary, staffing and supply shortfalls at Highlands of Little Rock at Cumberland Therapy and Living Center. Moreover, upon information and belief, each of Highlands Defendants loosely transferred funds among themselves. Plaintiff asserts that each of Highlands Defendants used their organization to defeat the public policy of protecting the residents of Highlands of Little Rock at Cumberland Therapy and Living Center, including Sallye Blair, and that they should be held liable as an alter-ego of Highlands of Little Rock South Cumberland, LLC.

23.    Each of Highlands Defendants personally controlled, or had the right to control, the operation, financial, and health care services provided at Highlands of Little Rock at Cumberland Therapy and Living Center.    Plaintiff asserts that each of Highlands Defendants' personal negligent conduct and involvement in operating these companies makes them personally liable under all theories pled herein.

24.    Defendants operated and managed the facility so as to maximize profits by reducing staffing levels below that needed to provide adequate care to residents that would comply with federal and state regulations governing skilled nursing facilities. Thus, Defendants intentionally and/or with reckless disregard for the consequences of their actions caused staffing levels at their facility to be set so that the personnel on duty at any given time could not reasonably tend to the needs of their assigned residents. Upon information and belief, Defendants knowingly established staffing levels that created recklessly high resident/nurse ratios and disregarded patient acuity levels as well as the minimal time required to perform essential functions.    The acts and

omissions of Defendants were motivated by a desire to increase profitability by reducing expenditures for needed staff, training, supervision and care to levels that would predictably lead to severe injury. All of these acts of malfeasance directly caused injury to Sallye Blair and other residents of the facility and were known to Defendants.

25.    Defendants owed a duty to Sallye Blair to maintain and adequately staff their facility with sufficient numbers of qualified, trained staff to meet the needs of the residents, including Sallye Blair, and are directly liable for the failure to exercise reasonable care in hiring, supervising, training and retaining sufficient numbers of qualified nurses and other staff employees and caregivers during the residency of Sallye Blair. Said failures placed the residents of the facility, including Sallye Blair, at risk of harm. Defendants are directly liable for injuries suffered by Sallye Blair as a result of these failures to exercise reasonable care. Likewise, Defendants owed a duty to Sallye Blair to have adequate and available food, fluids, supplies and functioning equipment to meet the needs of the residents, including Sallye Blair, and are directly liable for the failure to exercise reasonable care in providing and maintaining adequate and available food, fluids, supplies and functioning equipment to meet the needs of the residents. Said failures placed the residents of the facility, including Sallye Blair, at risk of harm. Defendants are directly liable for injuries suffered by Sallye Blair as a result of these failures to exercise reasonable care.

26.    Plaintiff alleges that during her residency at the facility, Sallye Blair was under the care, supervision and treatment of Defendants and that the injuries complained of were proximately caused by the acts and omissions of Defendants.

27.     Defendants are vicariously liable for the acts and omissions of all persons or entities under their control, either directly or indirectly, including employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals, or agencies causing or contributing to the injuries of Sallye Blair.

## CAUSES OF ACTION AGAINST HIGHLANDS DEFENDANTS

28.     Based upon the foregoing allegations regarding Highlands Defendants' control and management of Highlands of Little Rock South Cumberland, LLC, and the injuries suffered by Sallye Blair while she resided at the facility from May 1, 2015 until September 9, 2015, Plaintiff pleads the following causes of action:

I.     **CAUSE OF ACTION FOR ORDINARY NEGLIGENCE AND FAILURES IN ORDINARY DUTIES OF CARE IMPOSED ON A LONG-TERM CARE FACILITY**

29.     Based upon the allegations of control, management and involvement in the operation of Highlands of Little Rock South Cumberland, LLC outlined above, each of the Highlands Defendants, as well as their agents and employees, undertook duties of care to the residents at Highlands of Little Rock South Cumberland, LLC, including Sallye Blair.

30.     It was foreseeable to each of the Highlands Defendants that harm would result to Sallye Blair if Highlands Defendants did not provide at least the care equivalent that is required of a nursing home caring for a resident in a similar state of health, mental status and abilities.

31.     Among the duties Highlands Defendants owed to Sallye Blair as the owners, operators, licensees, managers and consultants, agents and employees of Highlands of Little Rock South Cumberland, LLC, Highlands Defendants were obligated

to use ordinary care to determine the mental and physical condition of Sallye Blair, to furnish Sallye Blair the care and attention reasonably required by her mental and physical condition, and to follow the orders and directions of Sallye Blair's attending physician and care plan regarding her activities of daily living and ordinary caretaking.

32.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to assist Sallye Blair with her activities of daily living.

33.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide adequate oversight to ensure a safe environment.

34.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide Sallye Blair with fluids sufficient to prevent urinary tract infections.

35.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide Sallye Blair with nutrition sufficient to prevent significant weight loss and malnutrition.

36.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide Sallye Blair with medications and treatment in accordance with her physician's orders.

37.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide Sallye Blair with sufficient pain management.

38.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide a sanitary environment and proper hygiene to prevent the development of infections, such as urinary tract infections.

39.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide basic care to ensure Sallye Blair's quality of care and quality of life.

40.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide basic skin care to prevent the worsening of pressure sores.

41.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to provide Sallye Blair assistance with activities of daily living, hygiene and grooming and failed to sufficiently document the bathing, oral hygiene, grooming, and/or dressing provided to Sallye Blair during her admission.

42.     The Protection of Long-Term Care Facility Residents Act, Arkansas Code sections 20-10-1201 *et seq.,* mandates the development, establishment, and enforcement of basic standards for the health, care, and treatment of persons in long-term care facilities; and mandates that the maintenance and operation of long-term care facilities will ensure safe, adequate, and appropriate care, treatment, and health of residents, such as Sallye Blair.

43.     Defendants infringed upon, and Sallye Blair was deprived of, rights mandated by Arkansas Code sections 20-10-1201 *et seq.* including, but not limited to, the following:

a)    The right to receive adequate and appropriate health care and protective and support services, including social services, mental health services, if available, planned recreational activities, and therapeutic and rehabilitative services consistent with the resident care plan for Sallye Blair with established and recognized practice standards within the community, and with rules as adopted by federal and state agencies, such rights include:

        1)    The right to receive adequate and appropriate custodial service, defined as care for Sallye Blair which entailed observation of diet and sleeping habits and maintenance of a watchfulness over her general health, safety, and well-being; and

        2)    The right to receive adequate and appropriate residential care plans, defined as a written plan developed, maintained, and reviewed not less than quarterly by a registered nurse, with participation from other facility staff and Sallye Blair or her designee or legal representative, which included a comprehensive assessment of the needs of Sallye Blair, a listing of services provided within or outside the facility to meet those needs, and an explanation of service goals;

b)    The right to regular, consultative, and emergency services of physicians;

c)    The right to appropriate observation, assessment, nursing diagnosis, planning, intervention, and evaluation of care by nursing staff;

d)    The right to access to dental and other health-related services, recreational services, rehabilitative services, and social work services appropriate to the needs and conditions of Sallye Blair, and not directly furnished by the licensee(s);

e)    The right to a wholesome and nourishing diet sufficient to meet generally accepted standards of proper nutrition, guided by standards recommended by

nationally recognized professional groups and associations with knowledge of dietetics, and such therapeutic diets as may be prescribed by attending physicians;

f)     The right to a facility with its premises and equipment, and conduct of its operations maintained in a safe and sanitary manner;

g)     The right to be free from mental and physical abuse;

h)     The right of Sallye Blair to have privacy of her body in treatment and in caring for her personal needs;

i)     The right to prompt efforts by the facility to resolve resident grievances, including grievances with respect to resident care and the behavior of other residents;

j)     The right to participate in social, religious, and community activities;

k)     The right to the obligation of the facility to keep full records of the admissions and discharges of Sallye Blair, and her medical and general health status, including:

        1)     medical records;

        2)     personal and social history; and

        3)     individual resident care plans, including, but not limited to, prescribed services, service frequency and duration, and service goals;

        4)     making it a criminal offense to fraudulently alter, deface, or falsify any medical or other long-term care facility record, or cause or procure any of these offenses to be committed; and

l)     The right to be treated courteously, fairly, and with the fullest measure of dignity.

15

44.     The above infringement and deprivation of the rights of Sallye Blair were the result of Highlands Defendants failing to do that which a reasonably careful person would do under similar circumstances.

45.     The aforementioned statutory violations constitute evidence of Highlands Defendants' negligence.

46.     Highlands Defendants were further negligent in the hiring, training, retention and supervision of non-medical, caretaking staff and the professional nursing staff at the facility.

47.     Highlands Defendants understood that staffing at minimum levels did not necessarily meet the needs required by residents at Highlands of Little Rock South Cumberland, LLC, such as Sallye Blair.  Highlands Defendants also were aware that the biggest expenditure in their operating budget was staffing the facility.   Highlands Defendants sought and kept staffing at or below minimum levels, knowing that this staffing strategy would result in injury to residents at Highlands of Little Rock South Cumberland, LLC, including Sallye Blair.

48.     The foregoing breaches of duties of ordinary care owed by the Highlands Defendants, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Sallye Blair at Highlands of Little Rock South Cumberland, LLC, and without which, the injuries alleged herein would not have occurred.

49.     A reasonable nursing home, operating under the same or similar circumstances as Highlands of Little Rock South Cumberland, LLC, would not have breached the above-described duties of care.  It was reasonably foreseeable that the

injuries described herein, would result from the breaches of duties of care set out above.

50.    Plaintiff alleges that Highlands Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conduct and the manner in which Highlands of Little Rock South Cumberland, LLC was operated, would naturally and probably result in injury to residents, such as Sallye Blair, and yet Highlands Defendants continued such conduct with actual malice or in reckless disregard of the consequences from which malice may be inferred.

51.    Due to the injuries proximately caused by Highlands Defendants' ordinary negligence, Sallye Blair is entitled to be compensated by an amount of money which will reasonably and fairly compensate her for her injuries and damages and which includes, but is not limited to, conscious pain and suffering, medical and other related expenses, mental anguish, disfigurement, disability, degradation, loss of personal dignity, and other results of Sallye Blair's injuries.  The amount of compensation, to be determined by a jury, should exceed the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus all other relief to which the Plaintiff is determined to be entitled by law.

52.    In addition to compensatory damages for the actual losses that Sallye Blair sustained, Plaintiff also is entitled to recover punitive damages for the grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, of Highlands Defendants, including, but not limited to, conscious pain and suffering, medical and other related expenses, past and future mental anguish, emotional distress, and pecuniary injuries, in an amount exceeding that required by federal court jurisdiction in

diversity of citizenship cases to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## II. CAUSE OF ACTION FOR MEDICAL MALPRACTICE NEGLIGENCE AND FAILURES IN PROFESSIONAL STANDARDS OF CARE IMPOSED ON A LONG-TERM CARE FACILITY

53.    Wrongful conduct by Highlands Defendants, their agents and employees, also included acts or omissions constituting professional medical or nursing negligence, pursuant to the Actions for Medical Injury Act, Arkansas Code sections 16-114-201 *et seq.*, to the extent the above-described injuries incurred by Sallye Blair included "medical injuries," as defined by that Act.

54.    Each of the Highlands Defendants was either a "medical care provider" or was vicariously liable for the conduct of a "medical care provider," as defined by the Act, Arkansas Code section 16-114-201(2), in relevant part, as a nurse, nursing home, or an officer, employee or agent thereof acting in the course and scope of employment in the providing of such medical care or medical services.

55.    In diagnosing the condition of and treating a patient through the provision of services requiring the judgment, skills and/or training of licensed medical or nursing personnel, a nursing home has a professional duty to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of the same profession in good standing, engaged in the same skilled nursing home practice in the locality in which the nursing home practices or in a similar locality.

56.    While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to follow physician orders for medication and treatment, as well as ordered safety measures.

18

57.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to timely assess, care plan, document and prevent or treat urinary tract infections.

58.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to timely assess, care plan, document and prevent, treat or manage pain.

59.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to timely assess, care plan, document and notify Sallye Blair's physician and family about substantial changes in her condition and mental status.

60.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to timely assess, care plan, document and treat or intervene to prevent malnutrition.

61.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Highlands Defendants failed to timely assess, care plan, document and treat or intervene to prevent the worsening of pressure sores.

62.     While Sallye Blair resided at Highlands of Little Rock South Cumberland, LLC, Defendants maintained inadequate nursing records and were incomplete in documenting nursing care.

63.     The foregoing breaches of duties of professional medical and nursing standards of care owed by Defendants, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Sallye Blair at the facility, and without which breaches of care, her injuries would not have occurred.

64.     A nursing home, in good standing and engaged in the practice of skilled long-term care in the same or a similar locality, would not have breached the above-described duties of professional medical or nursing care.  It was reasonably foreseeable that the injuries described herein would result from the breaches of duties of professional care set out above.

65.     Plaintiff alleges that Highlands Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conduct and the manner in which Highlands of Little Rock South Cumberland, LLC was operated would naturally and probably result in injury to residents, such as Sallye Blair.  Yet, Highlands Defendants continued such conduct with actual malice or in reckless disregard of the consequences from which malice may be inferred.

66.     Due to the injuries proximately caused by Highlands Defendants' professional medical and nursing negligence, Sallye Blair is entitled to be compensated by an amount of money which will reasonably and fairly compensate her for her injuries and damages and which includes, but is not limited to, conscious pain and suffering, medical and other related expenses, mental anguish, disfigurement, disability, degradation, loss of personal dignity, and other results of Sallye Blair's injuries.  The amount of compensation, to be determined by a jury, should exceed the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus all other relief to which the Plaintiff is determined to be entitled by law.

67.     In addition to compensatory damages for the actual losses that Sallye Blair sustained, Plaintiff also is entitled to recover punitive damages for the grossly

negligent, willful, wanton, reckless, malicious and/or intentional conduct, of Highlands Defendants, including, but not limited to, conscious pain and suffering, medical and other related expenses, past and future mental anguish, emotional distress, and pecuniary injuries, in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST ADMINISTRATOR DEFENDANT

III.    **CAUSE OF ACTION FOR ORDINARY NEGLIGENCE AND FAILURES IN ORDINARY DUTIES OF CARE**

68.    As Administrator at Highlands of Little Rock at Cumberland Therapy and Living Center, Defendant Mary D. Huntsman-Hartfield ("Administrator Defendant") undertook duties of care to the residents at the facility.

69.    Administrator Defendant had a duty to administer Highlands of Little Rock at Cumberland Therapy and Living Center in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychological well-being of each resident.

70.    It was foreseeable to Administrator Defendant that harm would result to Sallye Blair if Administrator Defendant did not use ordinary care to administer the facility in compliance with accepted professional and industry standards and principles that apply to professionals providing services in such facilities.

71.    Administrator Defendant was obligated to use ordinary care to ensure that trained and qualified staff, in sufficient numbers, were available to provide Sallye Blair the care and attention reasonably required by her mental and physical condition, and to

ensure that the orders and directions of Sallye Blair's attending physician and care plan were followed regarding her activities of daily living and ordinary caretaking.

72.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to ensure that trained and qualified staff, in sufficient numbers, were available to assist Sallye Blair with her activities of daily living.

73.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to supervise nurses and nurses' aides and failed to hire sufficient nurses and nurses' aides, and as such, the nurses and nurses' aides were unable to provide Sallye Blair the care she required.

74.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to adequately assess, evaluate, and supervise nursing personnel to ensure that Sallye Blair received appropriate nursing care.

75.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility.

76.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendants failed to ensure that Sallye Blair attained and maintained her highest level of physical, mental, and psychosocial well-being.

77.   While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to provide a sanitary environment to prevent infections.

78.   While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendants failed to ensure that Sallye Blair received medication, care and treatment in accordance with physician's orders.

79.   While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to ensure that Sallye Blair was treated with the dignity and respect that all nursing home residents are entitled to receive.

80.   While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to provide a safe environment for Sallye Blair.

81.   While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to ensure that Sallye Blair received sufficient nutrition to avoid significant weight loss and malnutrition.

82.   While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to ensure that Sallye Blair received sufficient fluids to prevent dehydration.

83.   While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility. While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living

Center, Administrator Defendant failed to determine whether the facility had sufficient numbers of personnel to meet the total needs of Sallye Blair.

84.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to document, maintain files, investigate, and respond to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person.

85.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to ensure that Sallye Blair was provided with basic and necessary care and supervision.

86.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to adequately hire, train, supervise and retain a sufficient amount of competent and qualified registered nurses, licensed vocational nurses, nurse assistants and other personnel in said facility to assure that Sallye Blair received care, treatment, and services in accordance with duties owed, and industry and community standards and practices.

87.    While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to assign nursing personnel at the facility duties consistent with their education and experience based on Sallye Blair's medical history and condition, and her nursing and rehabilitative needs; the characteristics of the resident population residing in the area of the facility where Sallye Blair was a resident; and nursing skills needed to provide care to such resident population.

24

88.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to provide sufficient numbers of qualified personnel, to ensure that Sallye Blair was provided with a safe environment, received timely and accurate care assessments, and received prescribed treatment and medication.

89.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to properly in-service and orient employees to pertinent resident care needs to maintain the safety of residents.

90.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to protect Sallye Blair from abuse and neglect.

91.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Sallye Blair.

92.     While Sallye Blair resided at Highlands of Little Rock at Cumberland Therapy and Living Center, Administrator Defendant failed to document and maintain all records on Sallye Blair in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment.

93.     The foregoing breaches of duties of ordinary care owed by the Administrator Defendant, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Sallye Blair at Highlands of Little Rock at Cumberland Therapy and Living Center, and without which, the injuries would not have occurred.

94.     A reasonable nursing home administrator, operating under the same or similar circumstances as Administrator Defendant would not have breached the above-described duties of care.  It was reasonably foreseeable that the injuries described herein would result from the breaches of duties of care set out above.

95.     Due to the injuries proximately caused by Administrator Defendant, Sallye Blair is entitled to be compensated by an amount of money which will reasonably and fairly compensate her for her injuries and damages and which includes, but is not limited to, compensation for conscious pain and suffering, medical and other related expenses, mental anguish, disability, degradation, loss of personal dignity, and other results of Sallye Blair's injuries.  The amount of compensation, to be determined by a jury, should exceed the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus all other relief to which the Plaintiff is determined to be entitled by law.

**DEMAND FOR JURY TRIAL**

96.     Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Sallye Blair, by and through her Power of Attorney, Darrick Blair, prays for judgment against Defendants as follows:

1.    For damages in an amount adequate to compensate Plaintiff for the injuries and damages sustained.

2.    For all general and special damages caused by the alleged conduct of Defendants.

3.    For punitive damages sufficient to punish Defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Sallye Blair and to deter Defendants and others from repeating such atrocities.

4.    For all other relief to which Plaintiff is entitled.

Respectfully submitted,

Sallye Blair, by and through her Power of Attorney, Darrick Blair

By:   /s/ Jeff Priebe
      Jeff R. Priebe (AR 2001124)
      jpriebe@jamescarterlaw.com
      James & Carter, PLC
      500 Broadway, Suite 400
      Little Rock, AR  72201
      Tel 501.372.1414; Fax 501.372.1659

      – and –

      Robert H. Edwards (AR 99010)
      The Edwards Firm, PLLC
      711 West Third Street
      Little Rock, AR  72201
      Tel 501.372.1329; Fax 501.372.1336
      bob@bobedwardslaw.com

      Attorneys for Plaintiff

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Mar-24 13:19:07
60CV-16-1786
C06D06 : 4 Pages

## DURABLE POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS:

THAT I, SALLYE BLAIR, of Little Rock, Arkansas, by these presents do make, constitute and appoint DARRICK BLAIR, of Little Rock, Arkansas, as my true and lawful attorney in fact (hereinafter "Attorney"), to perform the following acts, duties and powers, giving and granting unto my Attorney full and complete power and authority in the premises to do, say, act, transact and perform each, all and every act, thing and deed whatsoever pertinent thereto, requisite and necessary to be done, said, transacted and performed in and about the premises, or related to the purposes and powers hereinafter set out and granted, as fully to all intents and purposes as I might or could do if personally present and acting in my own behalf, to-wit:

1. **General Grant of Power**. My Attorney shall have full power to act for me and in my name in all matters and to do all things that I could do if personally present and acting in my own behalf.

2. **Specific Powers**. The general grant of power shall include, but not be limited to, the following powers:

(a) **Collection**. To demand, forgive, sue for, recover, collect, settle, extend or compromise any debt or claim payable to me with respect to money, commercial paper, notes, checks, drafts, accounts, deposits, certificates of deposit, tax and other refunds, securities, dividends, interest, rents, annuities, insurance proceeds, pensions, profit sharing payments, retirement benefits, social security payments, Medicare and Medicaid payments, inheritances, documents of title and all other property (real or personal) and obligations in which at any time I have any interest.

(b) **Payment**. To pay, compromise, renew or settle any debt, claim or liability due from me.

(c) **Banking**. To sign, endorse, receive, guarantee and stop payment on checks, drafts, notes, and other instruments for the payment of money; to open or close accounts, and to deposit and withdraw money, purchase and redeem savings bonds, certificates of deposit and other time deposits, whether held solely or jointly, in banks, savings and loan associations and other institutions.

(d) **Borrowing**. To obtain credit, borrow money or renew existing loans from any source; to pledge, mortgage or assign any property as collateral and execute instruments necessary to do so.

(e) **Purchase and Sale**. To purchase, acquire, lease, exchange, sell and transfer any property, real or personal, tangible or intangible, including United States Treasury bonds redeemable at par to pay federal estate taxes and other obligations of the United States, commodities, options, stocks, bonds and other securities; to borrow in connection with any purchase; to purchase on margin.

**EXHIBIT A-1**

(f) **Property Management**.  To manage, sell, lease, occupy, possess, insure, repair, improve, subdivide, raze, grant easements, and execute land trust agreements, deeds and other instruments (including instruments containing warranties and releasing rights of homestead) necessary to convey title in connection with any property, real or personal, tangible or intangible, in which at any time I have any interest, solely or jointly.

(g) **Stock Voting**.  To vote stock in person or by proxy, and to delegate discretionary powers to proxies.

(h) **Existing Contracts**.  To perform any agreement entered into by me.

(i) **Litigation**.  To institute, compromise, settle, defend, appear in, appeal, give bond in and engage counsel to represent me in all legal proceedings in which at any time I may have any interest.  However My Attorney shall have no power to enter into any pre-dispute arbitration agreement.

(j) **Business**.  To invest in, continue or wind up any business interest; to execute and amend partnership agreements; to incorporate, reorganize, merge, consolidate, recapitalize, sell, liquidate or dissolve any business; to elect, employ and compensate directors, officers, employees and agents; to execute buy-sell and voting trust agreements; to exercise options and subscription rights.

(k) **Entry to Safe Deposit Box**.  To enter (including authority to drill) and remove property of mine from, or terminate the lease of, any safe deposit box held in my name, solely or jointly.

(l) **Tax Matters**.  To prepare, sign and file, or receive copies of any income tax returns, gift tax returns, estimates, waivers, consents, protests, receipts, refund claims, requests for filings, agreements and petitions (including petitions to the Tax Court of the United States); to represent me and to hire counsel to represent me before any governmental agency or court.

(m) **Agents**.  To hire and dismiss agents, with the same or more limited powers, to act for my Attorney.

(n) **Medical Care**.  To arrange for my medical, surgical, hospital, nursing and convalescent care and treatment, including consent to treatment and application for insurance and other benefit payments related thereto.

(o) **Insurance**.  To purchase, make loans on, pledge, convert or cancel any insurance in any amount on my life or any property interests I may have at any time; to receive any payments due on cancellation.  Despite any other provision of this instrument my Attorney shall have no power to exercise any incident of ownership I have over any insurance policy on my Attorney's life.

2

**EXHIBIT A-2**

(p) **Gifts**.  To carry on any gift program, charitable or otherwise, in which I am engaged.

(q) **Fiduciary Powers**.  To exercise any powers given to me in a fiduciary capacity, whether solely or jointly, under any trust instrument, will or other instrument to the extent I may delegate the powers; to execute a trust instrument with dispositive provisions identical to any existing will or trust (or both) of mine at the time of execution; to exercise all powers which I have as the settlor or beneficiary of any trust, including the power to amend, revoke, disclaim, and transfer assets to the trust; provided, however, that under no circumstances shall my Attorney have any authority or power whatsoever to execute, amend, alter or revoke any will or codicil of mine or on my behalf.

(r) **Receipts**.  To execute all instruments in connection with the above granted powers or for the protection of parties dealing with my Attorney, including receipts, releases, discharges and indemnifications.

(s) **Retirement Plan Elections**.  To elect, pursuant to the terms of any employee benefit plan, individual retirement plan or insurance contract, the mode of distribution of the proceeds thereof.

(t) **Additional Powers/Limitations**.  In addition to all the foregoing general and specific powers, and not in limitation thereof, my Attorney is further hereby authorized to exercise and is granted any inherent and implied powers and those powers as stated in Act 153 of the 1961 General Assembly of the State of Arkansas, codified at Ark. Code Ann. 28-69-304, as now or hereafter amended, the provisions of which are incorporated herein by this reference as though set out word for word.  I specifically withhold from my Attorney the power to agree or consent to binding arbitration, or to agree to any other process that would preclude the right to have a jury decide any issue in controversy concerning my person or my property.  In the event that there should be a conflict between the specific powers provided herein and those powers stated in said Act, then this instrument shall be interpreted in favor of granting the less restrictive of such conflicting powers to my Attorney.

3. **Not Affected By Disability or Incapacity**.  This power of attorney shall not be affected by my subsequent disability or incapacity and shall be a durable power of attorney within the meaning of and in accordance with Act 659 of the 1981 General Assembly of the State of Arkansas, codified at Ark. Code Ann. 28-68-201 et seq., as now or hereafter amended.

3

**EXHIBIT A-3**

4. **Guardian**. If protective proceedings for the appointment of a guardian of my person or estate are commenced at any time subsequent to my execution of this power of attorney, then I hereby nominate for appointment as such guardian my Attorney, and to the extent allowed by law direct that my Attorney shall serve without bond. I make this nomination pursuant to my right to do so as provided in Ark. Code Ann. 28-68-203.

5. **Governing Law**. The law of Arkansas shall govern this instrument.

6. Successor Attorney in Fact – If the Attorney in Fact named above cannot or is unwilling to serve, then I appoint GARY LEE HINKLE, JR. of Little Rock, Arkansas as my Attorney in Fact with the same and complete powers and duties outlined above.

7. **Ratification**. I authorize any person or institution presented with this power of attorney to honor it without inquiry and to give effect to all documents signed by my Attorney on my behalf. My Attorney's representation that my Attorney is acting according to this instrument shall fully protect anyone dealing with my Attorney. I hereby, for myself, my heirs, executors and administrators, ratify and confirm whatever my Attorney may do under this instrument.

IN WITNESS WHEREOF, I have signed this instrument on this _15th_ day of _MARCH_ 2016.

_____

Ms. Sallye M. Blair

### ACKNOWLEDGMENT

STATE OF ARKANSAS

COUNTY OF _Pulaski_ )

On this day before me, the undersigned officer, personally appeared, _Sallye Blair_ to me personally well known, who acknowledged that said person had freely and voluntarily subscribed their name to the foregoing instrument and had executed the same for the consideration and purposes therein contained.

WITNESS my hand and official seal this _15th_ day of _March_, 2016.

_____     4

NOTARY PUBLIC

ROBERT EDWARDS
COMM. EXP.
5-28-2025
No. 12689966
PULASKI
COUNTY
NOTARY PUBLIC - ARKANSAS

**EXHIBIT A-4**