FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY 15 2017
JAMES W. McCORMACK, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION

Sallye Blair, by and through
her Power of Attorney, Darrick Blair, PLAINTIFF

vs. CASE NO. 4:16-CV-264 BRW

Highlands of Little Rock South Cumberland, LLC
d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center;
Highlands of Arkansas, LLC; Robert Denny Barnett; Blaine Guthrie Brint;
APH&R Property Holdings, LLC; Boyd Gentry;
Christopher F. Brogdon; AdCare Operations, LLC;
AdCare Administrative Services, LLC; AdCare Health Systems, Inc.; DEFENDANTS
Aria Health Group LLC; Aria Health Consulting, LLC;
H&R Nursing, LLC; Mary D. Huntsman-Hartfield,
in her capacity as Administrator of Highlands of Little
Rock at Cumberland Therapy and Living Center

**AMENDED COMPLAINT**

Comes now Plaintiff, Sallye Blair, by and through her Power of Attorney, Darrick Blair, and for her cause of action against Defendants, Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center; Highlands of Arkansas, LLC; Robert Denny Barnett; Blaine Guthrie Brint; APH&R Property Holdings, LLC; Boyd Gentry; Christopher F. Brogdon; AdCare Operations, LLC; AdCare Administrative Services, LLC; AdCare Health Systems, Inc.; Aria Health Group LLC; Aria Health Consulting, LLC; APH&R Nursing, LLC; and Mary D. Huntsman-Hartfield, in her capacity as Administrator of Highlands of Little Rock at Cumberland Therapy and Living Center; and states:

**JURISDICTIONAL STATEMENT**

1. This Amended Complaint brings suit for Defendants' conduct which caused Sallye Blair and Plaintiff harm. As a result of Defendants' conduct, Sallye Blair suffered severe injury,

including malnutrition, dehydration, new and worsening pressure ulcers, and severe pain and suffering.

2. Darrick Blair is the Power of Attorney of Sallye Blair and is a resident of the state of Arkansas.

3. Plaintiff claims damages arising out of Sallye Blair's care and treatment that occurred at the skilled nursing facility APH&R Nursing, LLC d/b/a Cumberland Health and Rehabilitation Center, later known as Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center (hereinafter "Facility").

4. During her time at the Facility, Sallye Blair suffered personal injury as a result of Defendants' conduct.

5. Darrick Blair is the son of Sallye Blair and is a resident of Little Rock, Pulaski County, Arkansas.

6. Jurisdiction is appropriate in this case under 28 U.S.C. §1332. Additionally, Plaintiff seeks money damages in excess of $75,000.00 exclusive of interest and costs.

**PARTIES**

7. Upon information and belief, Sallye Blair, a resident of Pulaski County, Arkansas, was admitted on April 16, 2015, to the Facility, located at 1516 Cumberland St., Little Rock, Arkansas. On or about May 1, 2015, ownership of the Facility changed and its legal name was changed to Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center. Except for hospitalizations, Sallye Blair remained a resident at the Facility until September 9, 2015, when she was transferred to the University of Arkansas for Medical Sciences.

8. Defendant Highlands of Little Rock South Cumberland, LLC, a foreign limited liability company authorized to do business in the State of Arkansas, is engaged in the business of for-profit custodial care of elderly individuals who are chronically infirm, mentally impaired and/or in need of nursing care and treatment. Upon information and belief, beginning May 1, 2015, at all times thereafter, Defendant Highlands of Little Rock South Cumberland, LLC d/b/a Highlands of Little Rock at Cumberland Therapy and Living Center held the license for the facility located at 1516 Cumberland St., Little Rock, Pulaski County, Arkansas. The causes of action made the basis of this suit arise out of such business conducted by Defendant Highlands of Little Rock South Cumberland, LLC in the ownership, operation, management, licensing and/or control of the facility during the residency of Sallye Blair. The registered agent for service of process of Defendant Highlands of Little Rock South Cumberland, LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

9. Upon information and belief, Defendant Highlands of Arkansas, LLC, a foreign limited liability company, is authorized to do business in the State of Arkansas, and has/had ownership of Highlands of Little Rock South Cumberland, LLC. Upon information and belief, beginning May 1, 2015, at all times thereafter, Defendant Highlands of Arkansas, LLC operated, managed, controlled, or had the right to control, and/or provided services, for Highlands of Little Rock South Cumberland, LLC during the residency of Sallye Blair. The registered agent for service of process of Defendant Highlands of Arkansas, LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

10. Defendant APH&R Property Holdings, LLC is a foreign limited liability company with its principal office located at 3050 Peachtree Road, NW, Two Buckhead Plaza, Suite 355, Atlanta, GA 30305. Upon information and belief, since April 16, 2015 and at times relevant to

this action, Defendant APH&R Property Holdings, LLC has been the landlord of the Facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, licensing and/or control of Highlands of Little Rock at Cumberland Therapy and Living Center during the residency of Sallye Blair. The registered agent for service of process of Defendant APH&R Property Holdings, LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

11. Upon information and belief, Defendant Boyd Gentry, a resident of the State of Texas, was an officer of APH&R Property Holdings, LLC at times during the residency of Sallye Blair. The causes of action made the basis of this suit arise in part out of Defendant Boyd Gentry's ownership, operation, management, and/or control of the Facility during the residency of Sallye Blair. Defendant Boyd Gentry may be served at his last known address.

12. Upon information and belief, Defendant Christopher F. Brogdon, a resident of the State of Georgia, was an officer of APH&R Property Holdings, LLC at times during the residency of Sallye Blair. The causes of action made the basis of this suit arise in part out of Defendant Christopher F. Brogdon's ownership, operation, management, and/or control of the Facility during the residency of Sallye Blair. Defendant Christopher F. Brogdon may be served at his last known address.

13. Defendant AdCare Operations, LLC is a foreign limited liability company authorized to do business in the State of Arkansas. Upon information and belief, beginning April 16, 2015, at all times thereafter during the course of Sallye Blair's residency, Defendant AdCare Operations, LLC operated, managed, controlled, or had the right to control, and/or provided services, including consultant services, to the Facility during the residency of Sallye Blair. The

agent for service of process of Defendant AdCare Operations, LLC is CT Corporation System, 1201 Peachtree Street, NE, Fulton, Atlanta, GA 30361.

14. Defendant AdCare Administrative Services, LLC a foreign limited liability company, is authorized to do business in the State of Arkansas. Upon information and belief, during the relevant time period after Ms. Blair's admission to the Facility, Defendant AdCare Administrative Services, LLC operated, managed, controlled, or had the right to control, and/or provided services, including consultant services, to the Facility during the residency of Sallye Blair. The agent for service of process of Defendant AdCare Administrative Services, LLC is CT Corporation System, 1201 Peachtree Street, NE, Fulton, Atlanta, GA 30361.

15. Defendant AdCare Health Systems, Inc., a foreign limited liability company, is authorized to do business in the State of Arkansas. Upon information and belief, during the relevant time period after Ms. Blair's admission to the Facility, Defendant AdCare Health Systems, Inc., operated, managed, controlled, or had the right to control, and/or provided services, including consultant services, to the Facility during the residency of Sallye Blair. The agent for service of process of Defendant AdCare Health Systems, Inc. is CT Corporation System, 1201 Peachtree Street, NE, Fulton, Atlanta, GA 30361.

16. Defendant Aria Health Group LLC, a foreign limited liability company, is authorized to do business in the State of Arkansas. Upon information and belief, during the relevant time period after Ms. Blair's admission to the Facility, Defendant Aria Health Group LLC operated, managed, controlled, or had the right to control, and/or provided services, including consultant services, to the Facility during the residency of Sallye Blair. The agent for service of process of Defendant Aria Health Group LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

17. Defendant Aria Health Consulting, LLC, a foreign limited liability company, is authorized to do business in the State of Arkansas. Upon information and belief, during the relevant time period after Ms. Blair's admission to the Facility, Defendant Aria Health Consulting, LLC operated, managed, controlled, or had the right to control, and/or provided services, including consultant services, to the Facility during the residency of Sallye Blair. The agent for service of process of Defendant Aria Health Consulting, LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

18. Defendant APH&R Nursing, LLC, is a foreign limited liability company with its principal office located at 1516 South Cumberland Street, Little Rock, Arkansas 72202. APH&R Nursing, LLC is authorized to do business in the State of Arkansas and until May 1, 2015, was the "licensee" of Cumberland Health and Rehabilitation Center. Upon information and belief, during the relevant time period after Ms. Blair's admission to the Facility, Defendant APH&R Nursing, LLC has been the landlord of Highlands of Little Rock at Cumberland Therapy and Living Center. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, licensing and/or control of the Facility during the residency of Sallye Blair. The registered agent for service of process of Defendant APH&R Nursing, LLC is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

19. Upon information and belief, Defendant Robert Denny Barnett, a resident of the State of Florida, was co-owner of Highlands of Little Rock at Cumberland Therapy and Living Center during the residency of Sallye Blair. The causes of action made the basis of this suit arise in part out of Defendant Robert Denny Barnett's ownership, operation, management, and/or

control of the Facility during the residency of Sallye Blair. Defendant Robert Denny Barnett may be served at his last known address.

20. Upon information and belief, Defendant Blaine Guthrie Brint, a resident of the State of Alabama, was co-owner of Highlands of Little Rock at Cumberland Therapy and Living Center at times during the residency of Sallye Blair. The causes of action made the basis of this suit arise in part out of Defendant Blaine Guthrie Brint's ownership, operation, management, and/or control of the Facility during the residency of Sallye Blair. Defendant Blaine Guthrie Brint may be served at his last known address.

21. Upon information and belief, Defendant Mary D. Huntsman-Hartfield, a resident of the State of Arkansas, was Administrator of the Facility at times during the residency of Sallye Blair. The causes of action made the basis of this suit arise in part out of Defendant Mary D. Huntsman-Hartfield's administration of the Facility during the residency of Sallye Blair. Defendant Mary D. Huntsman-Hartfield may be served at her last known address.

**STATEMENT OF THE CASE**

22. Defendants are liable for all damages alleged in this matter in their capacity as the owners, operators, licensee(s) and/or managers of the Facility during the residency of Sallye Blair.

23. In an effort to ensure that Sallye Blair and other residents, whose care was partially funded by the government, were placed at the Facility, Defendants held themselves out to the Arkansas Department of Human Services (DHS) and the public at large as being capable of meeting the total nursing, custodial and physical therapy needs of Sallye Blair and residents in the Facility pursuant to all rules, regulations and standards established for licensed skilled nursing facilities.

24. Defendants failed to discharge their obligations of care to Sallye Blair with a conscious disregard for her rights and safety. At all times mentioned herein, Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Sallye Blair, as more fully set forth below. Defendants knew that this Facility could not provide the minimum standard of care to the weak and vulnerable residents of the Facility, including Sallye Blair. The severity of the recurrent negligence inflicted upon Sallye Blair while under the care of the Facility accelerated the deterioration of her health and physical condition and resulted in physical and emotional injuries.

25. Defendants' failures caused Sallye Blair to suffer loss of personal dignity, pain and suffering, hospitalizations, mental anguish, degradation, disability, and emotional distress.

26. Defendants controlled, or had the right to control, the operation, planning, management and quality control of the Facility. The authority exercised over the nursing facility included, but was not limited to, budgeting, marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by the Facility, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

27. Each Defendant personally controlled, or had the right to control, the operation, financial, and health care services provided at the Facility during all or part of Ms. Blair's residency. Plaintiff asserts that each of the Defendants' negligent conduct and involvement in operating these companies makes them personally liable under all theories pled herein.

28. Defendants operated and managed the Facility so as to maximize profits by reducing staffing levels below that needed to provide adequate care to residents that would comply

with federal and state regulations governing skilled nursing facilities. Thus, Defendants intentionally and/or with reckless disregard for the consequences of their actions caused staffing levels at their Facility to be set so that the personnel on duty at any given time could not reasonably tend to the needs of their assigned residents. Upon information and belief, Defendants knowingly established staffing levels that created recklessly high resident/nurse ratios and disregarded patient acuity levels as well as the minimal time required to perform essential functions. The acts and omissions of Defendants were motivated by a desire to increase profitability by reducing expenditures for needed staff, training, supervision and care to levels that would predictably lead to severe injury. All of these acts of malfeasance directly caused injury to Sallye Blair and other residents of the Facility and were known to Defendants.

29. Defendants owed a duty to Sallye Blair to maintain and adequately staff their Facility with sufficient numbers of qualified, trained staff to meet the needs of the residents, including Sallye Blair, and are directly liable for the failure to exercise reasonable care in hiring, supervising, training and retaining sufficient numbers of qualified nurses and other staff employees and caregivers during the residency of Sallye Blair. Said failures placed the residents of the Facility, including Sallye Blair, at risk of harm. Defendants are directly liable for injuries suffered by Sallye Blair as a result of these failures to exercise reasonable care. Likewise, Defendants owed a duty to Sallye Blair to have adequate and available food, fluids, supplies and functioning equipment to meet the needs of the residents, including Sallye Blair, and are directly liable for the failure to exercise reasonable care in providing and maintaining adequate and available food, fluids, supplies and functioning equipment to meet the needs of the residents. Said failures placed the residents of the Facility, including Sallye Blair, at risk of harm. Defendants are directly liable for injuries suffered by Sallye Blair as a result of these failures to exercise reasonable care.

30. Plaintiff alleges that during her residency at the Facility, Sallye Blair was under the care, supervision and treatment of Defendants and that the injuries complained of were proximately caused by the acts and omissions of Defendants.

31. Defendants are vicariously liable for the acts and omissions of all persons or entities under their control, either directly or indirectly, including employees, agents, consultants and independent contractors, whether in-house or outside entities, individuals, or agencies causing or contributing to the injuries of Sallye Blair.

**CAUSES OF ACTION AGAINST DEFENDANTS**

32. Based upon the foregoing allegations regarding Defendants' control and management of the Facility, with said allegations incorporated herein, and the injuries suffered by Sallye Blair while she resided there until September 9, 2015, Plaintiff pleads the following causes of action:

**I. NEGLIGENCE**

33. Based upon the allegations of control, management and involvement in the operation of the Facility outlined above, each of the Defendants, as well as their agents and employees, undertook duties of care to the residents, including Sallye Blair.

34. It was foreseeable to each of the Defendants that harm would result to Sallye Blair if Defendants did not provide at least the care equivalent that is required of a nursing home caring for a resident in a similar state of health, mental status and abilities.

35. Among the duties Defendants owed to Sallye Blair as the owners, operators, licensees, managers and consultants, agents and employees of the Facility, Defendants were obligated to use ordinary care to determine the mental and physical condition of Sallye Blair, to furnish Sallye Blair the care and attention reasonably required by her mental and physical

condition, and to follow the orders and directions of Sallye Blair's attending physician and care plan regarding her activities of daily living and ordinary caretaking.

36. While Sallye Blair resided at the Facility, Defendants failed to assist Sallye Blair with her activities of daily living.

37. While Sallye Blair resided at the Facility, Defendants failed to provide adequate oversight to ensure a safe environment.

38. While Sallye Blair resided at the Facility, Defendants failed to provide Sallye Blair with fluids sufficient to prevent urinary tract infections.

39. While Sallye Blair resided at the Facility, Defendants failed to provide Sallye Blair with nutrition sufficient to prevent significant weight loss and malnutrition.

40. While Sallye Blair resided at the Facility, Defendants failed to provide Sallye Blair with medications and treatment in accordance with her physician's orders.

41. While Sallye Blair resided at the Facility, Defendants failed to provide Sallye Blair with sufficient pain management.

42. While Sallye Blair resided at the Facility, Defendants failed to provide a sanitary environment and proper hygiene to prevent the development of infections, such as urinary tract infections.

43. While Sallye Blair resided at the Facility, Defendants failed to provide basic care to ensure Sallye Blair's quality of care and quality of life.

44. Defendants failed to provide basic skin care to prevent the worsening of pressure sores.

45. Defendants failed to provide Sallye Blair assistance with activities of daily living, hygiene and grooming and failed to sufficiently document the bathing, oral hygiene, grooming, and/or dressing provided to Sallye Blair during her admission.

46. The Protection of Long-Term Care Facility Residents Act, Arkansas Code sections 20-10-1201 *et seq.,* mandates the development, establishment, and enforcement of basic standards for the health, care, and treatment of persons in long-term care facilities; and mandates that the maintenance and operation of long-term care facilities will ensure safe, adequate, and appropriate care, treatment, and health of residents, such as Sallye Blair.

47. Defendants infringed upon, and Sallye Blair was deprived of, rights mandated by Arkansas Code sections 20-10-1201 *et seq.* including, but not limited to, the following:

a) The right to receive adequate and appropriate health care and protective and support services, including social services, mental health services, if available, planned recreational activities, and therapeutic and rehabilitative services consistent with the resident care plan for Sallye Blair with established and recognized practice standards within the community, and with rules as adopted by federal and state agencies.

48. The aforementioned statutory violations constitute evidence of Defendants' negligence.

49. Defendants were further negligent in the hiring, training, retention and supervision of non-medical, caretaking staff and the professional nursing staff at the Facility.

50. Defendants understood that staffing at minimum levels did not necessarily meet the needs required by residents at the Facility, such as Sallye Blair. Defendants also were aware that the biggest expenditure in their operating budget was staffing the Facility. Defendants sought and

kept staffing at or below minimum levels, knowing that this staffing strategy would result in injury to residents at the Facility, including Sallye Blair.

51. The foregoing breaches of duties of ordinary care owed by the Defendants, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Sallye Blair at the Facility, and without which, the injuries alleged herein would not have occurred.

52. A reasonable nursing home, operating under the same or similar circumstances as Highlands of Little Rock South Cumberland, LLC, would not have breached the above-described duties of care. It was reasonably foreseeable that the injuries described herein, would result from the breaches of duties of care set out above.

53. Plaintiff alleges that Defendants knew, or ought to have known, in the light of the surrounding circumstances, that their conduct and the manner in which the Facility was operated, would naturally and probably result in injury to residents, such as Sallye Blair, and yet Defendants continued such conduct with actual malice or in reckless disregard of the consequences from which malice may be inferred.

54. Due to the injuries proximately caused by Defendants' ordinary negligence, Sallye Blair is entitled to be compensated by an amount of money which will reasonably and fairly compensate her for her injuries and damages and which includes, but is not limited to, conscious pain and suffering, medical and other related expenses, mental anguish, disfigurement, disability, degradation, loss of personal dignity, and other results of Sallye Blair's injuries. The amount of compensation, to be determined by a jury, should exceed the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus all other relief to which the Plaintiff is determined to be entitled by law.

55. In addition to compensatory damages for the actual losses that Sallye Blair sustained, Plaintiff also is entitled to recover punitive damages for the grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, of Defendants, including, but not limited to, conscious pain and suffering, medical and other related expenses, past and future mental anguish, emotional distress, and pecuniary injuries, in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## II. MEDICAL MALPRACTICE NEGLIGENCE

56. Wrongful conduct by Defendants, their agents and employees, also included acts or omissions constituting professional medical or nursing negligence, pursuant to the Actions for Medical Injury Act, Arkansas Code sections 16-114-201 *et seq.*, to the extent the above-described injuries incurred by Sallye Blair included "medical injuries," as defined by that Act.

57. Each of the Defendants was either a "medical care provider" or was vicariously liable for the conduct of a "medical care provider," as defined by the Act, Arkansas Code section 16-114-201(2), in relevant part, as a nurse, nursing home, or an officer, employee or agent thereof acting in the course and scope of employment in the providing of such medical care or medical services.

58. In diagnosing the condition of and treating a patient through the provision of services requiring the judgment, skills and/or training of licensed medical or nursing personnel, a nursing home has a professional duty to possess and apply with reasonable care the degree of skill and learning ordinarily possessed and used by members of the same profession in good standing, engaged in the same skilled nursing home practice in the locality in which the nursing home practices or in a similar locality.

59. Defendants failed to follow physician orders for medication and treatment, as well as ordered safety measures.

60. Defendants failed to timely assess, care plan, document and prevent or treat urinary tract infections.

61. Defendants failed to timely assess, care plan, document and prevent, treat or manage pain.

62. Defendants failed to timely assess, care plan, document and notify Sallye Blair's physician and family about substantial changes in her condition and mental status.

63. Defendants failed to timely assess, care plan, document and treat or intervene to prevent malnutrition.

64. Defendants failed to timely assess, care plan, document and treat or intervene to prevent the worsening of pressure sores.

65. Defendants maintained inadequate nursing records and were incomplete in documenting nursing care.

66. The foregoing breaches of duties of professional medical and nursing standards of care owed by Defendants, in a natural and continuous sequence, were each a proximate cause of the injuries incurred by Sallye Blair at the Facility, and without which breaches of care, her injuries would not have occurred.

67. A nursing home, in good standing and engaged in the practice of skilled long-term care in the same or a similar locality, would not have breached the above-described duties of professional medical or nursing care. It was reasonably foreseeable that the injuries described herein would result from the breaches of duties of professional care set out above.

68. In addition to compensatory damages for the actual losses that Sallye Blair sustained, Plaintiff also is entitled to recover punitive damages for the grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct, of Defendants, including, but not limited to, conscious pain and suffering, medical and other related expenses, past and future mental anguish, emotional distress, and pecuniary injuries, in an amount exceeding that required by federal court jurisdiction in diversity of citizenship cases to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTION AGAINST ADMINISTRATOR DEFENDANT

### I. NEGLIGENCE

69. As Administrator at the Facility, Defendant Mary D. Huntsman-Hartfield ("Administrator Defendant") undertook duties of care to the residents at the Facility.

70. Administrator Defendant had a duty to administer Highlands of Little Rock at Cumberland Therapy and Living Center in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychological well-being of each resident.

71. It was foreseeable to Administrator Defendant that harm would result to Sallye Blair if Administrator Defendant did not use ordinary care to administer the Facility in compliance with accepted professional and industry standards and principles that apply to professionals providing services in such facilities.

72. Administrator Defendant was obligated to use ordinary care to ensure that trained and qualified staff, in sufficient numbers, were available to provide Sallye Blair the care and attention reasonably required by her mental and physical condition, and to ensure that the orders

and directions of Sallye Blair's attending physician and care plan were followed regarding her activities of daily living and ordinary caretaking.

73. Due to the injuries proximately caused by Administrator Defendant, Sallye Blair is entitled to be compensated by an amount of money which will reasonably and fairly compensate her for her injuries and damages and which includes, but is not limited to, compensation for conscious pain and suffering, medical and other related expenses, mental anguish, disability, degradation, loss of personal dignity, and other results of Sallye Blair's injuries. The amount of compensation, to be determined by a jury, should exceed the amount required for jurisdiction by the Court and the amount required for federal court jurisdiction in diversity of citizenship cases, plus all other relief to which the Plaintiff is determined to be entitled by law.

## DEMAND FOR JURY TRIAL

74. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sallye Blair, by and through her Power of Attorney, Darrick Blair, prays for judgment against Defendants as follows:

1. For damages in an amount adequate to compensate Plaintiff for the injuries and damages sustained.

2. For all general and special damages caused by the alleged conduct of Defendants.

3. For punitive damages sufficient to punish Defendants for their egregious and malicious misconduct in reckless disregard and conscious indifference to the consequences to Sallye Blair and to deter Defendants and others from repeating such atrocities.

4. For all other relief to which Plaintiff is entitled.

Dated: April 18, 2017

Respectfully submitted,

Daniel R. McGrath /s/
Daniel R. McGrath, Esq. (*pro hac vice*)
Wilkes & McHugh, P.A.
Three Parkway
1601 Cherry Street, Suite 1300
Pennsylvania, PA 19102
Telephone: (215) 972-0811
Facsimile: (215) 972-0580
dmcgrath@wilkesmchugh.com

Jeff R. Priebe (AR 2001124)
James, Carter & Priebe, LLP
500 Broadway, Suite 400
Little Rock, AR 72201
Telephone: (501) 372-1414
Facsimile: (501) 372-1659
jpriebe@jamescarterlaw.com

Robert H. Edwards (AR 99010)
The Edwards Firm, PLLC
711 West Third Street
Little Rock, AR 72201
Tel 501.372.1329; Fax 501.372.1336
bob@bobedwardslaw.com

*Attorneys for Plaintiff,* Sallye Blair, by and through her Power of Attorney, Darrick Blair