IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SALLYE BLAIR, by and through her
Power of Attorney, Darrick Blair                                      PLAINTIFF

CASE NO. 4:16-CV-264 BRW

Highlands of Little Rock South Cumberland, LLC
Et. al.;                                                             DEFENDANTS

ANSWER TO AMENDED COMPLAINT

COMES now, Separate Defendant Christopher F. Brogdon and for his Answer to the Amended Complaint states:

JURISDICTIONAL STATEMENT

1.    The Separate Defendant denies the allegations in paragraph number 1, as they apply to him.

2.    The allegations in paragraph number 2 are admitted.

3.    The Separate Defendant has insufficient knowledge to admit or deny the allegations contained in paragraph number 3 and therefore denies the same.

4.    The allegations in paragraph number 4 as applied to Defendant Brogdon are hereby denied.

5.    The Defendant has insufficient knowledge to admit or deny the allegations in paragraph number 5 of the Amended Complaint and therefore denies the same.

6.    The Separate Defendant Brogdon denies that this Court has personal jurisdiction of him. The allegations in paragraph number 6 are denied.

PARTIES

7.    Individual Defendant Christopher Brogdon has insufficient knowledge to admit or deny the allegations in paragraph number 7 and therefore denies the same.

8.    The Defendant Christopher Brogdon admits the allegations in paragraph number 8 of the Amended Complaint.

9.    The Defendant Christopher Brogdon admits the allegations contained in paragraph number 9 of the Amended Complaint.

10.    The Defendant Christopher Brogdon admits the allegations contained in paragraph number 10 of the Amended Complaint.

11.    The allegations contained in paragraph number 11 of the Amended Complaint are admitted.

12.    The Individual Defendant Christopher Brogdon denies that he was a manager of APH&R Property Holdings, LLC. The Defendant denies the remaining allegations in paragraph number 12.

13.    The allegations contained in paragraph number 13 as to the existence of Ad Care Operations, LLC are admitted. The remaining allegations in paragraph number 13 are denied.

14.    The allegations in paragraph number 14 that Ad Care Administrative L Services, LLC is an authorized entity to do business in the State of Arkansas, is admitted. The remaining allegations in paragraph number

14, the Defendant has insufficient knowledge to admit or deny and therefore denies the same, other than the Corporation's address.

15.    The allegations in paragraph number 15 that Ad Care Health Systems, Inc. is admitted to be a foreign Limited Liability Company doing business in Arkansas is admitted. That service of process for Defendant Ad Care is Corporations Systems and the remaining allegations in paragraph number 15 are denied.

16.    Individual Defendant Christopher Brogdon has insufficient knowledge to admit or deny the allegations contain in paragraph number 16 and therefore denies the same.

17.    Individual Defendant Christopher Brogdon has insufficient knowledge to admit or deny the allegations contained in paragraph number 17 and therefore denies the same.

18.    It is admitted that Defendant APH&R Nursing, LLC is a limited liability company authorized to do business in Arkansas. It is admitted that it operated at 1516 S. Cumberland Street, Little Rock, Arkansas. The remaining allegations in paragraph number 18 are denied.

19.    The allegations in paragraph number 19 with respect to the residency of Defendant Robert Denny Barnette and his ownership of Highlands of Little Rock at Cumberland Therapy and Living are admitted. The remaining allegations in paragraph number 19 are denied.

20. The Individual Defendant Christopher Brogdon admits the allegations as to the residency and ownership by Blaine Guthrie Brint, the remaining allegations contain in paragraph number 20 are denied.

21. The allegations contained in paragraph number 21 as to residency and the administrator of the facility are admitted. The remaining allegations contained in paragraph number 21 are denied.

## STATEMENT OF THE CASE

22. Separate Defendant Christopher Brogdon denies that he is an owner, operator, licensee(s) and/or manager of the facility and therefore the allegations in paragraph number 22 are denied.

23. The Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 23 and specifically denies that he held himself out to the Arkansas Department of Human Services (DHS) and the public at large as being capable of meeting the total nursing, custodial, and physical therapy needs of Sallye Blair and residents of the Facility.

24. That Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 24 of the Amended Complaint.

25. The Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 25 of the Amended Complaint.

26. The Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 26 of the Amended Complaint as applied to him.

27.    The Separate Defendant Christopher Brogdon denies that he had any personal control or the right to control, the operations, the physical, and health care services provided at the Facility during all or part of Ms. Blair's residency. To the extent that the remaining portion of paragraph number 27 states facts they are hereby denied by Separate Defendant Christopher Brogdon as to him.

28.    Separate Defendant Christopher Brogdon denies as applied to him the allegations contained in paragraph number 28 of the Amended Complaint.

29.    The Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 29 as to any allegation of misconduct or actions by Separate Defendant Christopher Brogdon.

30.    Separate Defendant Christopher Brogdon denies the allegations in paragraph number 22 as to him.

31.    Paragraph number 31 states legal conclusions but to the extend it alleges any facts Separate Defendant Christopher Brogdon denies the same.

CAUSE OF ACTION AGAINST DEFENDANTS

32.    Based upon the foregoing responses to the allegations the Separate Defendant Christopher Brogdon denies control and management of the Facility.

I.    NEGLIGENCE

33.    Separate Defendant Christopher Brogdon denies that he individually undertook any duty of care to the residents and specifically of Sallye Blair.

34.    To the extent that paragraph number 34 states facts, instead of legal conclusions Separate Defendant Christopher Brogdon hereby denies the same.

35.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 35 and specifically denies that he had any duty to the Plaintiff or to any other resident of the facility.

36.    Separate Defendant Christopher Brogdon denies the allegations in paragraph number 36 of the Amended Complaint.

37.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 37 of the Amended Complaint.

38.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 38 of the Amended Complaint.

39.    The Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 39 of the Amended Complaint.

40.    The Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 40 of the Amended Complaint.

41.    The Separate Defendant Christopher Brogdon denies the allegation contained in paragraph 41 of the Amended Complaint.

42.    The Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 42 of the Amended Complaint.

43.    The Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 43 of the Amended Complaint.

44.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 44 of the Amended Complaint.

45.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 45 of the Amended Complaint.

46.    Separate Defendant Christopher Brogdon admits that A.C.A. 20-10-1201 *et seq.* states what it states.

47.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 47 (a).

48.    Paragraph number 48 states a legal conclusion but to the extent it states facts, Separate Defendant Christopher Brogdon hereby denies the same.

49.    Separate Defendant Christopher Brogdon denies the allegations in paragraph number 49 of the Amended Complaint.

50.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 50 of the Amended Complaint.

51.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 51 of the Amended Complaint.

52.    As to the allegations in paragraph number 52 they appear to be legal conclusions but to the extent it states any facts regarding Defendant Christopher Brogdon he denies the same.

53.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 53.

54.    The Separate Defendant Christopher Brogdon denies the allegations in paragraph number 54.

55.    Separate Defendant Christopher Brogdon denies that he should be subjected to unconstitutionally applied and unconstitutionally vague punitive damages.

## II.    MEDICAL MALPRACTICE NEGLIGENCE

56.    The allegations contained in paragraph number 56 as to being applied to Christopher Brogdon are hereby denied and it is further denied that he is a medical care provider.

57.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 57 of the Amended Complaint.

58.    Separate Defendant Christopher Brogdon denies the allegations in paragraph number 58 as to stating any acts by him.

59.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph 59 of the Amended Complaint.

60.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 60 of the Amended Complaint.

61.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 61 of the Amended Complaint.

62.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 62 of the Amended Complaint.

63.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 63 of the Amended Complaint.

64.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 64 of the Amended Complaint.

65.    Separate Defendant Christopher Brogdon denies the allegations contained in paragraph number 65 of the Amended Complaint.

66.    The allegations contained in paragraph number 66 of the Amended Complaint are denied by Separate Defendant Christopher Brogdon.

67.    The allegations contained in paragraph number 67 of the Amended Complaint are denied by Separate Defendant Christopher Brogdon.

68.    It is denied that the Plaintiff is entitled to punitive damages or compensatory damages against Separate Defendant Christopher Brogdon and the allegations contained in paragraph number 68 are denied by Separate Defendant Christopher Brogdon. The award of punitive damages would be a violation of the due process clause of the United States Constitution.

CAUSE OF ACTION AGAINST ADMINISTRATOR DEFENDANT<br>I.    NEGLIGENCE

69.    The allegations in paragraph number 69 do not apply to Separate Defendant Christopher Brogdon but to the extent that they may they are hereby denied.

70.    The allegations in paragraph number 70 do not apply to Separate Defendant Christopher Brogdon but to the extent that they may they are hereby denied.

71.    The allegations in paragraph number 71 do not apply to Separate Defendant Christopher Brogdon but to the extent that they may they are hereby denied.

72.     The allegations in paragraph number 72 do not apply to Separate Defendant Christopher Brogdon but to the extent that they may they are hereby denied.

73.     The allegations in paragraph number 73 do not apply to Separate Defendant Christopher Brogdon but to the extent that they may they are hereby denied.

74.     Separate Defendant Christopher Brogdon denies each and every material allegation contained in the Amended Complaint not specifically admitted by him.

## DEMAND FOR JURY TRIAL

75.     The Separate Defendant Christopher Brogdon if his motion to dismiss is denied joins in the request for a trial by jury.

## AFFIRMATIVE DEFENSES AND DEFENSES

76.     Separate Defendant Christopher Brogdon to extent he is entitled to raise an affirmative defense of a right of set off for the value of all services, supplies, treatment and write-offs that were given the Plaintiff or Sallye Blair during her residency at the nursing home.

77.     To the extent available to him the Defendant pleads all the affirmative defenses available under the Arkansas Medical Malpractice Act.

78.     The Separate Defendant Christopher Brogdon pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure moves that this Court dismiss all the claims against him for failure to state a cause of action, for relief which could be granted.

79.    The Separate Defendant Christopher Brogdon reserves the right to plead further including additional motions to dismiss.

80.    The Separate Defendant Christopher Brogdon pleads all defenses available to him under Rule 12 (b) of the Federal Rules of Civil Procedure.

81.    The Separate Defendant Christopher Brogdon affirmatively states that under Rule 12 (b) (6) the Amended Complaint fails to state a cause of action against him individually and he is entitled to the benefit of all of his actions being done as a consultant and not an officer or employee of any Defendant entity.

WHEREFORE, Separate Defendant Christopher Brogdon prays that this Honorable Court will dismiss the Amended Complaint, award him his costs, including attorney's fees and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

Robert A. Newcomb, #73087
Attorney at Law
P.O. Box 149
Little Rock, AR 72203
robertnwcmb@aol.com
P: 501-372-5577
F: 501-372-6025

## CERTIFICATE OF SERVICE

I hereby state that the foregoing was served via the Court's CM/ECF system and e-mail this ___/4___ day of ___August___, 2017 to:

Jeff R. Priebe
James, Carter & Priebe, LLP
jpriebe@jamescarterlaw.com

Robert H. Edwards
The Edwards Law Firm, PLLC
bob@bobedwardslaw.com

Kynda Almefty
Hardin, Jesson & Terry
1401 W. Capitol Ave., #190
Little Rock, AR 72201

Daniel R. McGrath
Wilkes & McHugh, P.A.
dmcgrath@wilkesmchugh.com

William P. Murray, III
Wilkes & McHugh, P.A.
One N. Dale Mabry Highway, Ste. 800
Tampa, FL 33609

_____
Robert A. Newcomb