# IN THE UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**SALLYE BLAIR, by and through**
**her Power of Attorney, Darrick Blair**                                        **PLAINTIFF**

**VS.**                                        **4:16-CV-00264-BRW**

**HIGHLANDS OF LITTLE ROCK SOUTH**
**CUMBERLAND, LLC d/b/a Highlands of Little Rock**
**at Cumberland Therapy and Living Center;** *et al.*                          **DEFENDANTS**

## <u>ORDER</u>

Pending are several motions for summary judgment. Responses have been filed.

However, after reviewing the briefs, I find that diversity jurisdiction is lacking and this case must

be REMANDED.

## I.     BACKGROUND

Plaintiff alleges that she suffered injuries while residing at Defendants' nursing home.

Defendants removed this case on May 16, 2016 based on diversity jurisdiction. Although there

was a non-diverse Defendant – Mary D. Huntsman-Hartfield – Defendants asserted that she was

fraudulently joined.

According to the Complaint, Ms. Huntsman-Hartfield was the "Administrator" at the

nursing home and "undertook duties of care to the residents at the facility."[1] Plaintiff alleges that

she "did not use ordinary care to administer the facility in compliance with accepted professional

and industry standards and principles that apply to professionals providing services in such

facilities."[2] Plaintiff also contends that Ms. Huntsman-Hartfield failed to "assign nursing

personnel at the facility duties consistent with their education and experience based on

---

[1]Doc. No. 2.

[2]*Id.*

1

[Plaintiff's] . . . nursing and rehabilitative needs."[3]  Additionally, she alleges that Ms. Huntsman-Hartfield "failed to supervise" and "failed to ensure that trained and qualified staff, in sufficient numbers" were at the facility, and this under-staffing led to Plaintiff's injuries.[4]

## II.    DISCUSSION

"The presence of the nondiverse party automatically destroys original jurisdiction:  No party need assert the defect.  No party can waive the defect or consent to jurisdiction.  No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own."[5]

Again, Defendants argue that there is complete diversity because Ms. Huntsman-Hartfield is fraudulently joined.  Fraudulent joinder exists when a plaintiff files a "frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal."[6] "However, if there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder."[7]  Stated another way, "if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent."[8]

In the Notice of Removal, Defendants argue that "Arkansas law requires a high degree of personal involvement on the part of an individual employee before that employee may have personal liability for harms alleged by a plaintiff."[9]   However, as mentioned above, Plaintiff

---

[3]*Id.*

[4]*Id.*

[5]*Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998).

[6]*Filla v. Norfolk Souther Ry. Co.*, 336 F.3d 806, 809-10 (8th Cir. 2003).

[7]*Id.* at 810.

[8]*Id.*

[9]Doc. No. 1.

asserted that Ms. Huntsman-Hartfield's negligence resulted in her injuries. At the time of removal, state law *might* have imposed liability on Ms. Huntsman-Hartfield if she had personal involvement with Plaintiff. Furthermore, if she was fraudulently joined, Defendants could have requested her dismissal long ago. Instead, after discovery, Defendants' filed a Motion for Summary Judgment. The fact that a Motion for Summary Judgment is required to remove Ms. Huntsman-Hartfield from the case seems to contradict the argument that there was no way that state law *might* impose liability on Ms. Huntsman-Hartfield based on the allegations in the Complaint.

<b>CONCLUSION</b>

Based on the findings of fact and conclusions of law above, the Clerk of the Court is directed to immediately remand this case to the Circuit Court of Pulaski County.

IT IS SO ORDERED this 14th day of March, 2018.

/s/ <u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE